NUMBER 13-02-169-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




WILLIAM RAY GEARHART,                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 105th District Court
of Kleberg County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Opinion by Justice Castillo

 

         The State indicted William Ray Gearhart, appellant, as a repeat felony offender
for assaulting a public servant.


 On March 5, 2002, a jury convicted Gearhart and
sentenced him to ten years confinement in the Institutional Division of the Texas
Department of Criminal Justice. We conclude that Gearhart's appeal is frivolous and
without merit. We affirm. 
I. BACKGROUND
         Gearhart filed a pro se notice of appeal on March 8, 2002. In the notice,
Gearhart complained about his trial counsel's representation. He asked the trial
court to appoint appellate counsel to represent him. The trial court appointed
new counsel for him on appeal. Gearhart's appellate counsel filed a brief in which
counsel concludes that the appeal is frivolous. See Anders v. California,
386 U.S. 738, 744-45 (1967). 
 II. APPLICABLE APPELLATE RULES
         The rules of appellate procedure governing how appeals proceed in criminal
cases were amended effective January 1, 2003. Generally, rules altering procedure
do not fall within the prohibition in the Texas Constitution against retroactive
application of laws that disturb vested, substantive rights. See Tex. Const.
art. I, § 16; see also Ibarra v. State, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). 
Therefore, this Court applies the current rules of appellate procedure to this appeal. 
We may not affirm or reverse a judgment or dismiss an appeal for formal defects or
irregularities in appellate procedure without allowing a reasonable time to correct or
amend the defects or irregularities. Tex. R. App. P. 44.3. We also are prohibited from
affirming or reversing a judgment or dismissing an appeal if the record prevents the
proper presentation of an appeal and can be corrected by the trial court. Tex. R. App.
P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a
supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's
certification of Gearhart's right of appeal. See Tex. R. App. P. 25.2(a)(2). We received
a supplemental record on December 10, 2003 that includes the trial court's
certification that Gearhart has the right of appeal. We now turn to the merits. 
III. DISPOSITION
A. Anders Brief
         Gearhart's original court-appointed appellate counsel filed a brief in which he
concludes that this appeal is frivolous. See Anders, 386 U.S. at 744-45. Counsel
certifies: (1) he diligently reviewed the record for reversible error; (2) he was unable
to find any error that would arguably require reversal of the trial court's judgment;
(3) in his opinion, the appeal is without merit; (4) he served a copy of the brief on
Gearhart; and (5) he informed Gearhart of his right to review a complete copy of the
appellate record and file a pro se brief on his own behalf. See Anders, 386 U.S.
at 744-45; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978). 
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Counsel's brief does not advance any arguable grounds of error,
but does contain a professional evaluation of the record demonstrating why there are
no arguable grounds to be advanced. See Currie v. State, 516 S.W.2d 684, 684 (Tex.
Crim. App. 1974). With relevant citation to legal precedent and the record, counsel
professionally evaluates the indictment, pre-trial motions, voir dire, opening
statements, sufficiency of the evidence, jury charge, closing argument, and
punishment phase. Arguable grounds of error should be advanced by counsel as
required by Anders, if there are any. See id. However, we do not interpret Anders as
requiring appointed counsel to make arguments counsel would not consider worthy of
inclusion in a brief for a paying client or to urge reversal if, in fact, counsel finds no
arguable issue to appeal. See id. We hold that counsel's brief is not the “conclusory
statement” decried by Anders. See id. 
         In response to counsel's brief, Gearhart filed a pro se brief. Gearhart's original
appointed counsel withdrew while this appeal was pending. The trial court appointed
substitute appellate counsel. 
B. Pro Se Brief
         Gearhart asserts he was falsely accused of assaulting a public servant, a police
officer with the Kingsville Police Department. He maintains that after he filed an
internal affairs complaint regarding the incident, he was retaliated against when the
State arrested him again for filing a false report and charged him with aggravated
perjury. Generally, Gearhart challenges the sufficiency of the evidence to support his
conviction. He claims he was attacked, without provocation, by two Kingsville police
officers. He denies he attacked one of the officers first. He cites to purported
inconsistencies in the testimony at trial in support of his position. Gearhart also claims
that the State did not present evidence of his prior conviction for assault on a public
servant to support his conviction and resulting enhanced punishment as a repeat felony
offender. 
         Gearhart also complains his trial counsel was ineffective. He argues that his trial
counsel did not subpoena the videotape from the arresting officer's squad car or the
audiotapes of an emergency call made by a witness, a clerk at the convenience store
where the altercation took place. The tapes, Gearhart asserts, would have
substantiated his version of events. Gearhart also alleges his counsel was ineffective
by not objecting to the jury. He claims that jurors who indicated in voir dire they knew
the prosecutor or his family ended up on the jury and that his trial counsel permitted
venire members to remain on the jury despite Gearhart's instructions to the contrary. 
Further, Gearhart alleges his trial counsel was ineffective by not delivering a closing
argument that challenged the testimony of the officer about an injury that the officer
had not included in his original report of the incident. Finally, Gearhart complains that
his trial counsel made an inappropriate remark to the prosecutor, after the jury retired
to deliberate, reflecting counsel's belief that the jury would find Gearhart guilty. 
C. Independent Review of the Record
         Since this is an Anders case, we independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Ybarra v. State, 93 S.W.3d 922,
926 (Tex. App.–Corpus Christ 2002, no pet.). 
1. The Indictment
         The indictment properly alleges the offense of assault of a public servant. See
Tex. Pen. Code Ann. § 22.01(a)(1), (b), (d) (Vernon 2003). It also properly alleges
three prior offenses as repeat felony offender enhancement. See Tex. Pen. Code
Ann. § 12.42(a)(3) (Vernon 2003). Even if errors did exist in the indictment, the error
could not be raised on appeal because Gearhart did not file a pre-trial motion alleging
any error in the indictment. See Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 1977); Studer v. State, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). We
find no arguable error in the indictment. 
2. Pre-Trial Motions
         The record reflects that the trial court heard Gearhart's discovery motion
regarding production of the videotape from the arresting officer's squad car and any
audiotape of the emergency call made by the convenience store clerk. The State
responded that it had no such evidence in its custody or control. The trial court ruled
it would permit Gearhart to subpoena any relevant videotapes or audiotapes for trial. 
Thus, the record reflects that the trial court did not make any ruling adverse to
Gearhart. See Tex. R. App. P. 33.1. We find no arguable error in the trial court's pre-trial rulings.
3. Voir Dire
         A review of the voir dire examination shows that sixteen venire members knew
the prosecutor, a long-time resident of Kingsville, or his family. They all indicated they
would consider the facts of the case and not base their decision on their knowledge
of the prosecutor or his family. Neither the State nor Gearhart raised any challenge for
cause. Thus, the trial court could not have erroneously ruled. See Johnson v. State,
43 S.W.3d 1, 5 (Tex. Crim. App. 2001); see also Allen v. State, 54 S.W.3d 427, 428
(Tex. App.–Waco 2001, pet. ref'd). Further, the trial court did not limit Gearhart's
questioning of the jury. See Nunfio v. State, 808 S.W.2d 482, 485 (Tex. Crim. App.
1991). We find no arguable error in voir dire.
4. Opening Statements
         As a general rule, to preserve error for appellate review, Gearhart must have
made a timely, specific objection, at the earliest opportunity, and obtained an adverse
ruling. Tex. R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App.
1991). Each side presented opening statements. Neither side objected to the other's. 
Gearhart thus waived any error in the prosecution's opening statement. See Limas v.
State, 941 S.W.2d 198, 203 (Tex. App.–Corpus Christi 1996, pet. ref'd) (finding
waiver for failure to object to prosecutor's closing argument). We find no arguable
error in the prosecution's opening statement. 
5. Sufficiency of the Evidence
a. Standards of Review
(1) Legal Sufficiency
         A legal-sufficiency challenge calls for appellate review of the
relevant evidence in the light most favorable to the prosecution. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We
consider all the evidence that sustains the conviction, whether properly or improperly
admitted or whether introduced by the prosecution or the defense, in determining the
legal sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Similarly, in reviewing the legal sufficiency of the evidence, we
look to all of the evidence introduced during either stage of the trial. De Garmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985).
         In a jury trial, legal sufficiency is measured against the elements of the
offense as defined by a hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury
charge is one that "accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Id. A hypothetically correct
jury charge would not simply quote from the controlling statute. Gollihar v.
State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Its scope is limited by "the
statutory elements of the offense . . . as modified by the charging instrument." Fuller
v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, J., concurring); Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). When a statute lists more
than one method of committing an offense, and the indictment alleges some, but not
all, of the statutorily listed methods, the State is limited to the methods alleged. 
Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime. Malik, 953 S.W.2d at 240. We
then determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319;
Johnson, 23 S.W.3d at 7. 
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
(2) Factual Sufficiency
         We also measure the factual sufficiency of the evidence against a 
hypothetically correct jury charge. Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.—Corpus Christi 2002, pet. ref'd). We are constitutionally empowered to review
the judgment of the trial court to determine the factual sufficiency of the evidence
used to establish the elements of the charged offense. Johnson, 23 S.W.3d at 6. In
determining the factual sufficiency of the elements of the offense, we view all the
evidence neutrally, not through the prism of "the light most favorable to the
prosecution." Id. at 6-7 (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)). We set aside a finding of guilt only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 7. A clearly wrong and unjust finding of guilt is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v.
State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness
testimony.  Id. 
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
can rest on the combined and cumulative force of all the incriminating circumstances.
Id. We reverse a judgment of conviction only if proof of guilt is so obviously weak as
to undermine confidence in the fact finder's determination, or proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Swearingen,
101 S.W.3d at 97. Which standard applies generally depends on whether the
complaining party had the burden of proof at trial. Zuliani v. State, 97 S.W.3d 589,
593 (Tex. Crim. App. 2003). If the accused did not have the burden of proof at trial,
then the first or "manifestly unjust" standard applies. Id. If the accused had the
burden of proof at trial, then the second or "against the great weight and
preponderance" standard applies. Id. 
         In conducting a factual-sufficiency review in an opinion, we "show
our work" when we consider and address the appellant's main argument for
urging insufficiency of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex.
App.–Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice.  Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. 
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97. 
b. Sufficiency Analysis
(1) Legal Sufficiency
         Viewing the evidence in the light most favorable to the prosecution and
measuring it against a hypothetically correct jury charge, we find that the arresting
officer testified to each of the elements of the offense of assault of a public servant. 
Gearhart struck the uniformed officer while the officer was in the process of detaining
him in response to a public-disturbance complaint. Gearhart's assault bruised the
officer and chipped his tooth. The convenience store clerk corroborated the officer's
testimony. Gearhart stipulated in open court, in the presence of counsel, to the prior
felony conviction, also for assault on a public servant. Viewing the relevant evidence
in the light most favorable to the verdict, we conclude that any rational trier of fact
could have found beyond a reasonable doubt the essential elements of the crime,
including the repeat felony offender allegation. See Jackson, 443 U.S. at 319; see
also Johnson, 23 S.W.3d at 7. 
(2) Factual Sufficiency
         We view all the evidence neutrally, favoring neither the State nor Gearhart, and
measure it against a hypothetically correct jury charge. Johnson, 23 S.W.3d at 6-7;
Adi, 94 S.W.3d at 131. In addition to the arresting officer and convenience store
clerk's testimony, Gearhart testified in his own defense. He admitted he had been
drinking and had gotten into a disagreement with the clerk about getting free matches
from the store. He admitted he had marijuana in his pocket. He denied assaulting the
officer, however. Rather, he said the officer who testified and a second officer
assaulted him without provocation. Finally, Gearhart admitted he had been convicted
before for assaulting a public servant, although he stressed that the public servant he
assaulted that time was a corrections officer, not a police officer. Viewing the relevant
evidence in a neutral light, favoring neither the prosecution nor Gearhart, and with
appropriate deference to the jury's credibility determinations, we conclude that the
jury's verdict is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id. at 6-7. 
         Accordingly, we find no arguable legal or factual insufficiency of the evidence. 
                                                6. The Charge
         Gearhart did not object to the charge. Thus, to be reversible, any error would
have to constitute egregious harm. Almanza v. State, 686 S.W.2d 157,171 (Tex.
Crim. App. 1985) (op. on reh'g). We find no arguable egregious error in the charge. 
                                           7. Closing Argument
         Neither party objected to the other's closing argument. Thus, Gearhart waived
any error. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see also
Limas, 941 S.W.2d at 203. We find no arguable error in the prosecutor's jury
argument. 
8. Punishment Phase
         The record shows that Gearhart stipulated to the prior felony assault of a public
servant in the culpability phase of the trial, which evidence supported his enhanced
punishment as a repeat felony offender. To preserve any error in the punishment
phase, Gearhart must have made a timely, specific objection, at the earliest
opportunity, and obtained an adverse ruling. Tex. R. App. P. 33.1; Turner v. State,
805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Gearhart did not object at sentencing
on any basis. We find that he waived any challenge to the sentence imposed by the
jury. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). 
Moreover, the sentence assessed was within the statutorily permissible range and was
based on admissible evidence introduced during the trial. See Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973). We find no arguable error in the
sentencing proceedings. 
9. Ineffective Assistance of Counsel
         The record contains no evidentiary support for Gearhart's claims of ineffective
assistance of counsel. When the alleged ineffectiveness asserted by a defendant
occurs outside of the record, the proper vehicle for a complaint is a collateral attack
that permits the development of facts concerning the alleged errors of counsel. 
Jackson v. State, 877 S.W.2d 768, 773 (Tex. Crim. App. 1994). 
         Accordingly, our independent review of the record finds that Gearhart's appeal
is frivolous. We conclude that this appeal is without merit. See Penson,
488 U.S. at 80; see also Martin v. State, No. 13-02-118-CR, 2003 Tex. App.
LEXIS 10181, at *3 (Tex. App.–Corpus Christi Dec. 4, 2003, no pet. h.). We affirm
the judgment and sentence of the trial court. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Substitute appellate counsel in this case has not requested to withdraw from further
representation of Gearhart on appeal. We hereby order counsel to advise Gearhart
promptly of the disposition of this case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). We further order
counsel to file any motion to withdraw as court-appointed counsel with this Court
within ten days of the date of this opinion. See Martin, 2003 Tex. App.
LEXIS 10181, at *4. 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 11th day of December 2003.