Juan Zuniga ZAPATA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–370–CR.

Court of Appeals of Texas,
Corpus Christi.

June 6, 1996.

Mark Alexander, McAllen, for appellant.

Theodore C. Hake, Rene Guerra, Traci A. Sellman, Edinburg, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

Appellant Juan Zuniga Zapata was convicted of theft in an amount more than $750 but less than $20,000.[1] He was sentenced to twenty years' imprisonment and a $10,000 fine, because he is a repeat felony offender. On appeal, appellant complains that he suffered from ineffective assistance of counsel, that the evidence was insufficient to support his conviction, and that the trial court committed several errors during the trial. We find the evidence insufficient and reverse and order a judgment of acquittal.

The essence of the offense is that appellant stole money from Mr. Lawrence Dick by coercing Mr. Dick to pay him through threats of aggravated assault. Appellant met the victim in June, 1992, when the two

---

1. *See* Act of June 19, 1993, 73rd Leg., Ch. 900, Sec. 1.01, 1993 Tex. Gen. Laws 3586, 3636–38 (amending section 31.03 of the Texas Penal Code, under which appellant was convicted). All references to the Penal Code in this opinion are to the code in effect at the time the crime was committed.

shared a cell in the Hidalgo County Jail. While there, appellant asked him if he would like to get out of jail. When Mr. Dick responded that he would, appellant told him that "he would see what he could do." Mr. Dick was later released from jail and placed on probation in January 1993. Some months later, Mr. Dick encountered appellant at the probation department, and appellant demanded money from him for getting him out of jail. Appellant told Mr. Dick that he had arranged Mr. Dick's release from jail through his connections, and that "they" now wanted $3000 in repayment, to be paid to appellant in monthly installments of $200. Although appellant did not tell Mr. Dick who "they" were at first, he later told him that they were the "Texas Mafia" or "Texas Syndicate," a judge, a district attorney, and law enforcement officers. Appellant told Mr. Dick that if he did not pay, he would be returned to jail.

Shortly after their meeting at the probation office, appellant came to Mr. Dick's home in June, 1993. Mr. Dick had not yet paid any money to appellant. Mr. Dick's wife told appellant that Mr. Dick was not at home, though he was in fact hiding in the bathroom. Mr. Dick testified that he was hiding because he feared for his life.

Mr. Dick did pay appellant $200 in each of the months of July, August, and September, 1993. Both Mr. Dick and his wife testified that appellant threatened at some point that "[their] house would be shot up with [them] in it or not in it," if he failed to make the required payments. Mr. Dick did not testify when the appellant made this threat, but Mrs. Dick testified that she heard appellant make the threat in September or October, 1993. This is the only threat of aggravated assault in the evidence. The timing of this threat to the payment of the money is critical to an analysis of the charged crime.

When he could not make the October payment, Mr. Dick told his probation officer what was happening. His probation officer referred him to Sheriff's Deputies, who provided the $200 for the October payment, saw Dick pay appellant, and arrested him. A jury convicted appellant and sentenced him to twenty years' imprisonment and a $10,000 fine, and this appeal ensued.

In his second, third, and fourth points of error, appellant complains of the sufficiency of the evidence to support his conviction. Specifically in his third point of error, he claims that the evidence was insufficient to establish that currency of a value over $750 was taken from Mr. Dick by coercion of threatening a future felony.

█  In considering an insufficient evidence argument, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim. App.1984). The conviction will be affirmed if our review indicates that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

█  We review the sufficiency of the evidence against the entire jury charge. *Jones v. State,* 815 S.W.2d 667, 670 (Tex. Crim.App.1991); *Plata v. State,* 875 S.W.2d 344, 346 (Tex.App.—Corpus Christi 1994, no pet.). In the charge, the jury was told:

Now if you find from the evidence beyond a reasonable doubt that on or about the 4th day of October, 1993 in Hidalgo County, Texas, the defendant, JUAN ZUNIGA ZAPATA, intentionally or knowingly appropriated by acquiring and otherwise exercising control over property, other than real property, to-wit: United States currency from LAWRENCE DICK, the owner thereof, with intent to deprive the owner of the property and without the effective consent of the owner, namely, *by coercion, to-wit: JUAN ZUNIGA ZAPATA threatened to commit, in the future, a felony offense, to-wit: aggravated assault* against the person or the property of the said owner;

And all of the said property was obtained pursuant to one scheme and continuing course of conduct which began on or about JUNE 30, 1993 and continued until on or

about OCTOBER 4, 1993 and the aggregate value of the property so appropriated was $750.00 and more but less than $20,000.00, then you will find the defendant guilty of theft, as charged in the indictment. (emphasis added).

Therefore, the jury was told, in order to convict, they must find that appellant coerced Dick by threatening him with aggravated assault. We find the only evidence of such a threat, or that so could be inferred, was appellant's threat to shoot up Dick's home if the payments were not made. However, that threat was not made until September 1993, after two payments totaling $400 had already been made, and only $400 was paid after the threat. There is no evidence of an earlier threat of aggravated assault, although there is evidence that Mr. Dick was afraid.[2]

Mr. Dick's testimony about why he paid the money to appellant centered on his fear of returning to jail. Although appellant told Dick that "they" needed the money, he refused to identify those he represented until near the end when Dick failed to pay the September $200 monthly payment in full. The sinister aspects of the Texas Syndicate or Texas Mafia and the threats that could be implied from their involvement could not be implicated until they were identified late in the scam.

There is no evidence in the record that appellant threatened violence against Mr. Dick until September, 1993. While appellant did threaten to have Mr. Dick returned to jail if he did not pay, that threat does not satisfy the threat specified in the indictment and the jury charge, the threat of aggravated assault.[3] The State is correct in noting that it is unclear when the threat to "shoot up" Mr. Dick's home was made, but nothing in the record supports the inference that such a threat was made before September, which was after at least two payments were made.

Evidence brought forth at trial regarding the first two payments included testimony that:

1) appellant approached Mr. Dick at the probation office after Mr. Dick was paroled and told him that "they needed their money" for helping him get out of jail;

2) Mr. Dick was frightened of appellant;

3) appellant telephoned Mr. Dick after their meeting at the probation office, demanding money;

4) appellant came to Mr. Dick's home to collect the first payment, but Mr. Dick hid in his bathroom, fearing for his life, until appellant left;

5) appellant told Mr. Dick not to tell anyone about the payments; and

6) Mr. Dick's wife had advised him to go to the authorities regarding the extortion beginning in July 1993, but Mr. Dick would not tell her what was going on and she believed he was too frightened to tell her.

The fact that Mr. Dick was afraid of appellant does not show that the appellant had threatened physical violence at all, and certainly does not show that he made a threat of aggravated assault. Even when viewed in the light most favorable to the verdict, the evidence adduced by the State at trial does not show and does not raise the inference that appellant made the first two payments to appellant under threat of aggravated assault.

It appears that the final two payments, totaling $400, *were* made under the threat of aggravated assault, as appellant told Mr. Dick that his home would be "shot up" if he did not continue to pay. Those two payments, however, do not amount to an aggregate sum sufficient to find appellant guilty of felony theft, since the amount taken must be $750 or more to amount to a felony. There is insufficient evidence to support appellant's

---

2. Mr. Dick hid in his bathroom for over an hour one hot June day while his wife spoke with appellant at the front door. When asked about her husband's appearance when he emerged, Mrs. Dick responded that he was very sweaty, "it was a very hot day."

3. We would note that appellant's threat to return Mr. Dick to jail would arguably meet the statuto-

ry definition of coercion by threatening "to cause a public servant to take or withhold action." *See* Act of June 19, 1993, 73rd Leg., Ch. 900, Sec. 1.01, 1993 Tex. Gen. Laws 3586, 3634 (deleting the definition of "coercion," which is now codified at section 1.07(a)(9) of the Penal Code). The State limited its case, however, to coercion by threatening aggravated assault.

conviction for felony theft. Appellant's third point of error is sustained. We need not address appellant's remaining points of error. TEX.R.APP. P. 90(a).

██ No instruction on the lesser included offense of misdemeanor theft was provided to the jury. We are therefore unable to reform appellant's conviction to reflect the lesser included offense. Double jeopardy concerns mandate acquittal. *See Bigley v. State,* 865 S.W.2d 26, 29 (Tex.Crim.App.1993) (Baird, J., concurring). We therefore REVERSE the judgment of the trial court and ACQUIT the appellant.