**Eusebio LIMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–195–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 7, 1996.

Discretionary Review Refused
March 12, 1997.

Richard B. Gould, McAllen, for Appellant.

Theodore C. Hake, Rene Guerra, Edinburg, for Appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

Eusebio Limas, Jr., appellant, was charged by a two-count indictment with attempted capital murder and burglary of a habitation. Appellant pleaded guilty to the burglary charge, and the jury found him guilty of attempted capital murder. The jury assessed punishment for each crime at ten years imprisonment plus a $10,000 fine, and the trial court probated the sentence for the burglary conviction. By six points of error, appellant complains that the court erred by failing to administer the oath to the jury, by submitting an erroneous charge, and by allowing improper jury argument. We affirm.

Officer Luis Chacon and other police officers responded to a report of suspicious persons knocking on the doors of several houses. When they heard noises in a darkened house, the police officers surrounded that house. After a police dog unit arrived, the officers

took the dog to the back door, warned that they were releasing the dog, and followed the dog into the house to search for suspects. Officer Chacon remained outside, guarding the southwest corner of the house.

The officers confronted Ruben Gutierrez, who was armed with a shotgun. Gutierrez dropped his gun and surrendered as the police dog approached him. At this time, appellant climbed out of a window and turned to face Officer Chacon. Appellant raised his handgun and shot at Officer Chacon from a distance of four to five feet. Officer Chacon went to one knee to avoid the line of fire. After seeing the muzzle flash from appellant's gun, Officer Chacon shot at appellant. Appellant ran, but he was caught, subdued, and arrested. Later, the police officers called an ambulance when they learned that appellant had been shot in the right arm.

## ADMINISTRATION OF OATH

By his first point of error, appellant complains that the trial court committed reversible error by failing to properly administer the oath to the jury as required by article 35.02. Tex.Code Crim.Proc.Ann. art. 35.02 (Vernon 1989). We disagree.

■ The Texas Code of Criminal Procedure provides that the court shall cause the following oath to be administered to those present:

You, and each of you, solemnly swear that you will make true answers to such questions as may be propounded to you by the court, or under its direction, touching your service and qualifications as a juror, so help you God.

*Id.* However, we "must presume the jury was properly empaneled and sworn, unless such matter was made an issue in the trial court, or it otherwise affirmatively appears to the contrary from the record." *Harris v. State*, 738 S.W.2d 207, 226 (Tex.Crim.App. 1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987) (quoting *Clay v. State*, 505 S.W.2d 882, 884–85 (Tex.Crim.App. 1974)); *see also* Tex.R.App.P. 80(d).

Appellant argues that the court's failure to administer the oath is affirmatively apparent because the record shows that the venire was not sworn at any time after the parties announced ready. This argument is meritless. In Hidalgo County, petit-jury venires are qualified in the courthouse auditorium before jury panels are assigned to the various courts.[1] Hidalgo County Loc.R. 2.5. In light of this practice, we cannot agree that the record in this case affirmatively shows that the venire was never properly sworn. We overrule appellant's first point of error.

## DEFECTIVE INDICTMENT

By his second point of error, appellant complains that the jury charge improperly authorized conviction for attempted capital murder because he was only indicted for attempted murder. Again, we disagree.

Count one of the indictment in this case reads, in relevant part:

*EUSEBIO LIMAS JR.* hereinafter styled Defendant, on or about the 18th day of February A.D., 1994, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there, with the specific intent to commit the offense of capital murder of Luis Chacon, the victim, do an act, to-wit: shot at the victim with a deadly weapon, namely, a firearm, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended. . . .

Appellant complains that the indictment must allege the aggravating feature that would elevate the offense from attempted murder to attempted capital murder. *See* Tex.Penal Code Ann. § 19.03 (Vernon 1994) (listing eight features that may be used to elevate murder to capital murder). The State concedes that the indictment should allege the aggravating feature. Appellant further complains that the State has only indicted him for attempted murder by failing to allege the aggravating feature. The State also concedes this point; however, we do not agree with the State's analysis of this issue.

---

1. The practice of swearing any number of venires at the same time has been approved in Texas for over 115 years. *See Wasson v. State,* 3 Tex.Ct. App. 474, 476 (1878).

The State's confession of error is ordinarily accepted. *Hawkins v. State,* 613 S.W.2d 720, 723 (Tex.Crim.App.), *cert. denied,* 454 U.S. 919, 102 S.Ct. 422, 70 L.Ed.2d 231 (1981). Nevertheless, we are not bound by the State's confession of error. *Meshell v. State,* 739 S.W.2d 246, 250 n. 4 (Tex.Crim. App.1987). Our decision to reject the State's confession of error in this case is based in part on our determination that we cannot grant the State's prayer to reform the judgment. In light of this determination, we will first address the limitation on our authority to grant the State's prayer for relief.

As we discussed, appellant and the State agree that (1) the indictment was based on attempted murder, but (2) the charge of the court and subsequent conviction were based on attempted capital murder. Because it has conceded error, the State prays that we reform the judgment to a conviction for attempted murder and then either uphold the sentence or remand for a new punishment hearing.

Specifically, the State prays that we reform the judgment under the authority of Rule 80 and *Bigley v. State,* 865 S.W.2d 26 (Tex.Crim.App.1993). *See* TEX.R.APP.P. 80(b) ("court of appeals may . . . modify the judgment of the court below by correcting or reforming it"). At the *Bigley* trial, the jury was instructed on two offenses: possession of at least 400 grams of methamphetamine, and possession of at least 28 grams but less than 400 grams of methamphetamine. *Id.* at 27. The evidence conclusively established possession of only 389 grams of contraband, but the jury nevertheless found the defendant guilty of the greater offense. The intermediate appellate court sustained the insufficient-evidence challenge and reformed the judgment to a conviction for the lesser offense that was incorporated into the court's charge. Affirming reformation of the judgment, the Court of Criminal Appeals noted, *"Since the jury had been instructed on the lesser-included offense of possession of 28 grams or more of methamphetamine,* the court of appeals held that by finding appellant guilty of possession of at least 400 grams of methamphetamine, the jury had also necessarily found that appellant possessed at least 28 grams of methamphetamine." *Id.* (emphasis added).

The significance of the jury instruction on the lesser-included offense is well illustrated by Judge Baird's concurring opinion. *Bigley,* 865 S.W.2d at 28–29 (Baird, J., concurring). If the State had failed to instruct the jury on the lesser offense, abandonment of that offense after jeopardy had attached would bar reformation of the judgment. *Id.;* *see also Zapata v. State,* 925 S.W.2d 280, 283 (Tex.App.—Corpus Christi 1996, no pet.) (acquittal in light of jeopardy concerns expressed in *Bigley,* 865 S.W.2d at 29 (Baird, J., concurring)); *Thorpe v. State,* 831 S.W.2d 548, 552 n. 1 (Tex.App.—Austin 1992, no pet.) (acquittal after distinguishing *Bigley* on grounds that defendant was not charged with lesser-included offense). Due to the State's failure to instruct the jury on attempted murder, we cannot reform the judgment to a conviction for attempted murder.

Although we cannot reform the judgment, we are not bound to acquit; appellant's prayer does not even request such relief. Both appellant and the State have prayed for relief based on their mutual assumption that the indictment in this case only charges appellant with attempted murder. We reject this assumption.

Prior to 1985, the Texas Constitution addressed the omission of an offense's elements from an indictment as a fundamental defect that deprived the court of jurisdiction. *See generally Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990). Accordingly, such errors could be raised for the first time on appeal. *Id.* at 266–67. On November 5, 1985, Texans voted for constitutional amendments designed to reduce the frequency with which criminal convictions were reversed because of defective indictments. *Id.* at 268–71. The 69th Legislature amended the Code of Criminal Procedure in conjunction with those constitutional amendments. *Id.* The combined effect of the statutory and constitutional amendments eliminated insufficiencies in the indictment from the list of fundamental defects that deprived a trial court of jurisdiction. *Id.* 271–73. Under the amended laws, most defects in an indictment must

now be raised before trial or the right to complain of the defect is waived. *Id.*

The indictment at issue alleges that appellant shot at Luis Chacon "with the specific intent to commit the offense of capital murder." The indictment failed to allege that Luis Chacon is a peace officer, that appellant shot at Chacon while he was acting in the lawful discharge of his official duty, and that appellant knew Chacon was a peace officer. The omitted allegations compose the aggravating feature that the State relied on to elevate the offense from attempted murder to attempted capital murder.

Significantly, appellant raised no pretrial complaint regarding the omissions from the indictment as required by the constitutional and statutory provisions interpreted in *Studer*. Appellant argues that he was excused from raising a pretrial attack on the indictment because of the narrow "facially complete offense" exception to *Studer*. We disagree.

The "facially complete offense" exception is best illustrated by the two cases that appellant cites: *Fisher v. State*, 887 S.W.2d 49 (Tex.Crim.App.1994), and *Thomason v. State*, 892 S.W.2d 8 (Tex.Crim.App.1994).

In *Fisher*, the indictment alleged delivery of "a controlled substance, namely: amphetamine of more than twenty-eight grams but less than four hundred grams." *Fisher*, 887 S.W.2d at 51. At trial, the State expanded on the theory from the indictment by instructing the jury that the weight of the contraband should be measured "by aggregate weight, including any adulterants and dilutants." *Id.* at 52. Like the appellant in our case, Fisher complained that the court's charge allowed the State to convict him on a theory that was not pleaded in the indictment. Explaining why omission of the "adulterants and dilutants" language from the indictment was not waived under *Studer*, the Court of Criminal Appeals announced the "facially complete offense" exception.

When an indictment alleges a facially complete offense, the State is bound by the theory alleged in the indictment and the sufficiency of the evidence is measured against the indictment as incorporated in the charge. *Id.* at 57. Under *Studer*, however, a party my waive the right to complain that the indictment omits an element from the alleged offense. *Id.* at 55. However, waiver of the right to complain of the defective indictment does not waive the right to have the sufficiency of the evidence measured against every element necessary to the offense. *Id.* at 55–56.

Based on due process concerns involving notice and opportunity to defend, the *Fisher* court held that sufficiency of the evidence must be measured against the offense alleged in the indictment. *Id.* at 52–53. Thus, at a minimum, the accused must be able to discern what offense the State is alleging. *Id.* at 55. If the indictment meets this threshold requirement, the accused has sufficient notice to raise a pretrial complaint to remedy any deficiencies in the indictment. When the accused has notice of an alleged offense but fails to complain of deficiencies in the indictment, the evidence is weighed against the elements of the alleged offense as listed in the Penal Code. *Id.* at 55–56. Under these circumstances, the State may attempt to prove "any theory of the offense that is consistent with the incomplete indictment and the controlling penal provision examined together." *Id.* at 57. The State may broaden its theory as set forth in the indictment because notice is deemed from the accused's failure to raise a pretrial complaint under *Studer*. *Id.*

If examination of the indictment reveals that the State has alleged a complete offense, however, then the accused has no reason to expect that the indictment is deficient. In this situation, there is no defect in the indictment sufficient to raise the accused's duty to bring a pretrial *Studer* complaint regarding omissions from the indictment. Because due process requires that the accused must have notice of the offense that the State has alleged, the accused is entitled to rely on the indictment so long as there are no patent omissions. *Id.* Deemed notice under *Studer* does not apply in the absence of such omissions, and the State cannot obtain conviction based solely on a

theory contained in the charge but omitted from the indictment. *Id.*

In the *Fisher* case, the indictment alleged a facially complete offense even without the "adulterants and dilutants" language. *Id.* at 60. Accordingly, the accused did not waive the right to have the sufficiency of the evidence weighed against the indictment as incorporated into the court's charge. *Id.* The accused was consequently acquitted because the State needed the "adulterants and dilutants" language to prove its case.

The *Thomason* case rises from a different procedural issue but nevertheless involves the same principle as *Fisher*. In *Thomason*, the accused was charged with a theft scheme involving nonexistent computer equipment and a series of fraudulent invoices that he submitted to his employer for payment. *Thomason*, 892 S.W.2d at 9. However, the *Thomason* indictment did not allege that the theft was perpetrated through "one scheme or continuing course of conduct" so as to aggregate the amounts stolen by ten separate checks. *Id.* at 10; *see also* TEX.PENAL CODE ANN. § 31.09 (Vernon 1994) (discussing aggregation of amounts involved in theft). Instead, the indictment alleged all the elements of a single theft under section 31.03. TEX.PENAL CODE ANN. § 31.03 (listing elements of theft).

At the close of the State's case, the accused moved to require that the State seek conviction for only one of ten separate thefts. *Thomason*, 892 S.W.2d at 10. The trial court overruled this motion, and the intermediate appellate court affirmed on grounds that omission of the aggregation language did not show the State's intent to abandon aggregation of the amounts. In light of *Fisher*, the Court of Criminal Appeals reversed the lower courts' decisions. *Id.* at 11–12.

The case under review differs from *Fisher*, *Thomason*, and all other published cases on the narrow "facially complete offense" exception to *Studer*'s general rule on defective indictments. The indictment at issue alleges all the elements of attempted murder but fails to allege which aggravating feature elevates the offense to attempted capital murder. However, an examination of the face of the indictment shows the allegation that ap-

pellant shot at Luis Chacon "with the specific intent to commit the offense of capital murder." Consequently, the due process concerns involving notice of the alleged offense do not apply to our case as they clearly applied in *Fisher* and *Thomason*.

Although the indictment failed to allege which of the eight aggravating features the State intended to rely on at trial, it is obvious the State sought to prosecute for attempted capital murder. Thus, the omissions from appellant's indictment could have been raised before trial. Because the limited "facially complete offense" exception to *Studer* does not apply in this case, appellant waived the right to complain of any defects in the indictment. Moreover, the incomplete indictment authorized the State to prove "any theory of the offense that is consistent with the incomplete indictment and the controlling penal provision examined together." *See Fisher*, 887 S.W.2d at 57. We overrule appellant's second point of error.

### JURY ARGUMENT

By points of error three, four, five, and six, appellant complains that the trial court committed reversible error by allowing improper jury argument from the State. We disagree.

There are four permissible areas of jury argument: summation of the evidence, reasonable deductions from the evidence, an answer to an argument by opposing counsel, and a plea for law enforcement. *Hughes v. State*, 878 S.W.2d 142, 157–158 (Tex.Crim.App.1992), *cert. denied*, 511 U.S. 1152, 114 S.Ct. 2184, 128 L.Ed.2d 902 (1994) (op. on rehearing). Defendants forfeit the right to complain on appeal about improper jury argument by failing to object or by failing to pursue such objections until they receive adverse rulings. *Cockrell v. State*, 933 S.W.2d 73 (Tex.Crim.App.1996). In this case, appellant did not object to any of the allegedly improper jury argument. Accordingly, we overrule appellant's third, fourth, fifth, and sixth points of error.

We AFFIRM the trial court's judgment.