NUMBER 13-03-309-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

                                                                                                                     


 

ARMANDO
RAMIREZ,                                                           Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                  Appellee.

                                                                                                                      


     On appeal
from the 25th District Court of Gonzales County, Texas.

                                                                                                                     


 

                   DISSENTING
MEMORANDUM OPINION

 

                       Before
Justices Hinojosa, Yañez, and Castillo

                  Dissenting
Memorandum Opinion by Justice Yañez          

 

             I
respectfully dissent because I would sustain appellant=s sole issue on appeal, by which he contends the
evidence is legally insufficient to support his conviction.  Accordingly, I would reverse the judgment and
render a judgment of acquittal.








I agree with the majority that we must review the
relevant evidence in the light most favorable to the verdict and must consider
all evidence that sustains the conviction, whether properly or improperly
admitted.[1]
It is beyond dispute that fundamental considerations of due process protect an
accused against conviction except on proof beyond a reasonable doubt of every
fact necessary to constitute the crime with which he is charged.[2]  In a legal sufficiency review, an appellate
court must examine the evidence presented in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense present beyond a reasonable doubt.[3]   A
jury is permitted to make reasonable inferences from the evidence.[4]  While affirmative links may be proven by
circumstantial evidence, the proof must generate more than a strong suspicion
or even a probability.[5]   While speculation and hunch may ultimately
prove accurate, it cannot be the basis of a jury verdict.[6]  When conducting a legal sufficiency review, a
vital fact may not be established by stacking inference upon inference.[7]
           

In appellant=s sole issue, he contends the evidence is legally
insufficient to support his conviction for money laundering.  Appellant specifically contends that the
State failed to prove that the money at issue was from Acriminal activity.@      








I conclude that, under the highly circumstantial
nature of the evidence, it is irrational to infer beyond a reasonable doubt the
element of Acriminal activity,@ a
required element of proof necessary to sustain a conviction for money
laundering. [8]  

The Texas Penal Code defines Acriminal activity@ as
any offense that is classified as a felony under United States or Texas law or
is punishable by confinement for more than one year under another state=s law.[9]
    

The indictment in this case alleged that appellant
knowingly possessed, concealed, and transported proceeds of criminal activity
in an amount of $20,000.00 or more, but less than $100,000.00.  Thus, the State had to prove that appellant
knowingly acquired, received, concealed, possessed, or transported proceeds
from Acriminal activity@ as
defined in section 34.01(1).

The State=s theory at trial was that appellant was involved in
drug-trafficking activity that rose to the level of felonious Acriminal activity.@  However, the record reflects that police
failed to recover any drugs, drug paraphernalia, or weapons from appellant or
from the scene of the alleged offense. 
The record further demonstrates that at trial, the State failed to offer
probative evidence of vital facts to support its contention that appellant was
engaged in drug trafficking or Acriminal activity.@  








 I first note
that the cases cited in the State=s brief on appeal upheld convictions based on an
overwhelming amount of evidence proven by vital facts that did not require a
jury to stack inference upon inference.[10]  I find the cases cited by the State
distinguishable because they included substantial evidence and/or testimony
that affirmatively linked the defendants to unlawful activity. 

For example, in Webster, ample evidence
existed to support a conviction for money laundering and to support a finding
that the proceeds were derived from unlawful activity.[11]  The State in Webster seized $30,215.00
in cash, $44,000.00 in savings bonds, a .22 caliber pistol, a loaded .357
magnum, a marihuana cigarette, over 55 grams of cocaine, thousands of small
zip-lock baggies, and a glass crack pipe.[12]  Moreover, in all of the other federal cases
cited by the State, testimony was adduced via accomplices, co-defendants, or
others to support that the defendants were involved in substantial
drug-trafficking activity.[13]

 In this case,
however, the State failed to produce testimony from any accomplices,
co-defendants, or others, to affirmatively link appellant to Acriminal activity@ as
defined in section 34.01(1).[14]  The State did not offer any testimony that
appellant had ever been engaged in drug-trafficking or that appellant had been
engaged in Acriminal activity@ on
January 25, 2000.  The record reflects
that no paraphernalia, drugs, or weapons were seized from appellant, the
vehicle, or from the scene of the alleged offense.     








Corporal Davis testified that the search did not
result in a seizure of drugs, drug paraphernalia, or weapons.  Davis testified that he discovered what he
suspected to be marihuana residue on the passenger seat.  It should be noted, however, that the
suspected residue was never sent to the lab for testing to confirm Davis=s suspicion. 
Additionally, the State failed to offer any evidence of the suspected
residue at trial.  Davis=s mere suspicion, the State=s failure to test the suspected residue, and the
State=s failure to offer evidence of the suspected residue
at trial do not constitute probative evidence nor do they support a rational
inference of a vital factBthat
appellant was engaged in drug trafficking or that appellant was otherwise
involved in Acriminal activity.@[15]              


As the majority points out, Officer Garland Gaston,
a canine handler with the Leon Valley Police Department, testified that his
canine detected a narcotics odor emanating from the seized money.  From this testimony, the majority concludes
that the money had been in recent close proximity to Aa controlled substance.@  The majority=s conclusion, however, ignores Officer Gaston=s additional testimony that he did not know where,
how, or when the money came into contact with narcotics.  He also testified that his canine=s search of the brush area did not result in the
discovery of any drugs.  Officer Ynclan
also testified that other than the seized money, no drugs or weapons were
recovered from appellant.  In the light
most favorable to the verdict, this evidence fails to establish when, where, or
how the money came into contact with narcotics; nor does it affirmatively link
appellant to Acriminal activity.@[16]  








The majority notes that the jury heard testimony
that the seized money was sufficient to purchase a Afelony amount@ of a controlled substance.  In reviewing the relevant evidence, the
record reflects that James Scoggins, an investigator with the Texas Attorney
General=s Office, testified that part of his job is to
investigate alleged money-laundering offenses. 
However, Scoggins testified that he did not provide any investigative
assistance or investigate the facts in this case.  Nevertheless, Scoggins testified that
$29,000.00 could Ahypothetically@ buy a felony amount of marihuana, heroin,
methamphetamine, or cocaine and that the money at issue could also buy many
other things, including a vehicle. 
Although a jury is free to draw rational inferences from evidence,
Scoggins=s testimony is no more than mere speculation.[17]  

Captain David Boatright, with the special crimes
division of the Texas Attorney General=s Office, testified generally regarding common
schemes utilized in transporting currency derived from purchase of controlled
substances.  He also testified that he
did not know what crimes, if any, were connected to the money in this
case.  His testimony similarly amounts to
no more than mere speculation.[18]  

Appellant testified that he fled because he believed
there were outstanding warrants for his arrest and he did not want to go to
jail.  Appellant further testified that
he was going to Houston with Segura to buy a truck, that no one ever mentioned
drugs to him, and that as far as he knew, they were not going to Houston to
pick up drugs.  Appellant also testified
that he was told after his arrest that the money Awas
drug money.@   








In light of the testimony and evidence addressed
above, the evidence is legally insufficient to prove that the money at issue
was derived from Acriminal activity@ under
section 34.01(1), which requires that the Acriminal activity@
constitute a felony.[19]  Viewing the evidence in the light most
favorable to the verdict, the evidence also does not establish an affirmative
link between appellant and Acriminal activity@ as
defined by section 34.01(1).[20]  The factors present in this case simply do
not supply sufficient logical force to support a rational inference that all
the elements of the offense of money laundering were proven beyond a reasonable
doubt.[21]  

Because I conclude that the evidence is legally
insufficient, I would reverse the judgment of the trial court and render a
judgment of acquittal.

 

 

                                                             
     LINDA REYNA YAÑEZ,

Justice

 

Do not publish.  

Tex.
R. App. P. 47.2(b).

Dissenting Memorandum
opinion delivered 

and filed this the 28th day
of July, 2005.











[1] 
See Jackson
v. Virginia, 443
U.S. 307, 319 (1979); Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim.
App. 2001).  





[2] 
In re Winship, 397 U.S. 358, 364 (1970).  





[3] 
Jackson, 443 U.S. at 319; Young v. State, 14 S.W.3d 748,
753 (Tex. Crim. App. 2000).  





[4] 
See Stahle v. State, 970 S.W.2d 682, 686-87 (Tex. App.BDallas 1998, pet. ref=d).  





[5]  See Grant v. State, 989 S.W.2d 428, 433
(Tex. App.BHouston [14th  Dist.] 1999, no pet.).   





[6] 
See Munoz v. State, 29 S.W.3d 205, 210 (Tex. App.BAmarillo 2000, no pet.).





[7] 
See Tippitt v. State, 41 S.W.3d 316, 327 (Tex. App.BFort Worth 2001, no pet.). 





[8] 
See Tex. Pen. Code Ann. ' 34.02(a)(1) (Vernon 2003). 






[9] 
See id. ' 34.01(1).





[10] 
 See U.S. v. Westbrook, 119
F.3d 1176, 1191 (5th Cir. 1997); U.S. v. Wilson, 77 F.3d 105, 109 (5th
Cir. 1996); U.S. v. Webster, 960 F.2d 1301, 1308 (5th Cir. 1992); U.S.
v. Munoz-Romo, 947 F.2d 170, 178 (5th Cir. 1991). 





[11] 
See Webster, 960 F.2d at 1308.





[12] See id.





[13] 
See Westbrook, 119 F.3d at 1191; Wilson, 77 F.3d at 109; Webster,
960 F.2d at 1308; Munoz-Romo, 947 F.2d at 178. 





[14] 
See Tex. Pen. Code Ann.
' 34.01(1) (Vernon 2003); Lassaint
v. State, 79 S.W.3d 736, 746 (Tex. App.BCorpus Christi 2002, no pet.).





[15] 
See Tex. Pen. Code Ann.
' 34.01(1) (Vernon 2003); Lassaint,
79 S.W.3d at 746; Tippitt, 41 S.W.3d at 327.





[16] 
Couret v. State, 792 S.W.2d 106, 107 (Tex. Crim. App. 1990) (per
curiam) (holding that the State=s theory was too speculative); Lassaint, 79 S.W.3d
at 746; Tippitt, 41 S.W.3d at 327.





[17] 
Munoz, 29 S.W.3d at 210.





[18]  See id.  





[19] 
See Tex. Pen. Code Ann.
' 34.01(1) (Vernon 2003); Jackson,
443 U.S. at 319; Young, 14 S.W.3d at 753; Zapata v. State, 925
S.W.2d 280, 282 (Tex. App.BCorpus Christi 1996, no pet.)  (reversing conviction because evidence was
legally insufficient to prove that crime committed rose to a felonious level as
required by statute).





[20] 
See Tex. Pen. Code Ann.
' 34.01(1) (Vernon 2003); Jackson,
443 U.S. at 319; Young, 14 S.W.3d at 753; Lassaint, 79 S.W.3d at
746; Hall v. State, 86 S.W.3d 235, 245 (Tex. App.BAustin 2002, pet. ref=d) (reversing conviction because
defendant was not in close proximity to drugs); Couret, 792 S.W.2d at
107.





[21] 
See Tex. Pen. Code Ann.
' 34.02(a)(1) (Vernon 2003); Lassaint,
79 S.W.3d at 746; Hall, 86 S.W.3d at 245.