Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00203-CR

_____

## GARY ROSS NICKOLS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14227**

## M E M O R A N D U M   O P I N I O N

The jury found Gary Ross Nickols guilty of the offense of possession of one to four grams of a controlled substance, enhanced by a prior felony conviction. The jury assessed punishment at confinement for eleven years and a fine of $10,000. The trial court sentenced Appellant accordingly. We affirm.

### I. *The Charged Offense*

The grand jury indicted Appellant for possession of a controlled substance, namely methamphetamine, in an amount of one gram or more but less than four

grams. The charge included one enhancement allegation: a prior felony conviction for possession of a controlled substance. A person commits the offense of possession of a controlled substance of more than one gram but less than four grams if he knowingly or intentionally possesses the controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010).

## II. *The Evidence at Trial*

Appellant was driving his newly purchased car in Mineral Wells at approximately 9:00 p.m. when he was stopped by Sergeant Scott Mitcham, an officer with the Mineral Wells Police Department. Sergeant Mitcham explained that he had seen the driver swerve the car into the opposite traffic lane and back again. After Appellant stopped the car, he got out; Sergeant Mitcham told him to get back into his car. Appellant got back into the car, and when Sergeant Mitcham went up to the car, he asked Appellant whether he had been drinking. Appellant told Sergeant Mitcham that he had not been drinking but that he had swerved because he was trying to plug in his cell phone.

Sergeant Mitcham asked Appellant to step out of his car and provide his driver's license. When Sergeant Mitcham requested his insurance, Appellant leaned into the car on the driver's seat and reached to get his insurance card.

For security reasons, Sergeant Mitcham shined his flashlight into the car. When he did, he noticed a clear plastic baggie on the driver's seat that contained a "white crystal-like substance." Sergeant Mitcham believed that the baggie contained methamphetamine; he reached into the car and picked up the baggie in order to secure it. When Appellant got out of his car with his insurance card, Sergeant Mitcham placed him under arrest for possession of a controlled substance.

## III. *Issues and Discussion*

In his brief, Appellant asserts three main issues on appeal. The first and second issues contain multiple subparts.

### A. *Issue I, subparts (a)(1), a(2), and (b)*

In subpart (a)(1) of his first issue on appeal, Appellant claims that the evidence was insufficient to show that he violated the "Texas reckless driving law." The State made no claim that Appellant violated the "Texas reckless driving law"; Sergeant Mitcham stopped Appellant because he thought Appellant might be driving while intoxicated. Appellant also argues here that there was no probable cause to stop him. Appellant did not make that argument to the trial court, and he has waived it. TEX. R. APP. P. 33.1(a)(1).

Appellant has not briefed the constitutional question he poses in subpart (a)(2) of his first issue on appeal: "Whether Tex. Const. art. I, § 10, 14, 15, and 19, offer greater protection than the 5th, 6th and 14th Amendments to the United States Constitution?" Because his briefing is inadequate, Appellant has also waived that argument. TEX. R. APP. P. 38.1; *Dennis v. State*, 151 S.W.3d 745, 752 (Tex. App.—Amarillo 2004, pet. ref'd).

We take Appellant's argument in Issue I(b)—denoted in the discussion portion of the brief as "Sub-issue a"—to be one involving the question of whether the evidence is sufficient to support a finding that he actually possessed the methamphetamine. In essence, on appeal, Appellant argues that the evidence is not sufficient to satisfy the affirmative links rule. We point out that the rule applies "[w]hen the accused is not in exclusive possession of the place where the substance is found." *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (alteration in original) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981)). It is undisputed that Appellant was the sole occupant in and had exclusive possession of his vehicle when the officer found methamphetamine

3

in it.  Insofar as Appellant's Issue I(b) is based upon the affirmative links rule, it is overruled.

### B. Issue I, remaining subparts—Sufficiency of the Evidence

We can also read Appellant's brief on this issue to be one in which he claims that the evidence is insufficient to show that he: (1) exercised care, custody, control, or management over the drugs and (2) knew that he possessed a controlled substance.  Appellant maintained in the trial court that the police planted the drugs in his car and that they had also planted them on him on two prior occasions.  He testified that there were a number of times that the police could have stopped him when he possessed drugs, but not this time.  He also admitted to a prior conviction for drug possession.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State,* 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).  Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged.  *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.—Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11).  If we find that the evidence is insufficient under this standard, we

must reverse the judgment and enter an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 40–41 (1982).

We cannot say that the evidence in this case is insufficient to support the verdict of the jury. It is undisputed that the substance in the baggie was 1.54 grams of methamphetamine. Appellant presented the jury with his theory that the police planted the drugs in his car. The jury heard the testimony and watched a video of the arrest. The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Schnidt v. State*, 357 S.W.3d 845, 850 (Tex. App.—Eastland 2012, pet. ref'd).

Much of what Appellant presents us on appeal is in the nature of a plea to a jury rather than a legal argument to a court. Appellant presented those arguments to the jury, and it is obvious that the jury did not believe Appellant's theory that the police planted the drugs on him. Rather, the jury apparently believed that Sergeant Mitcham found the methamphetamine in the driver's seat of the car that Appellant was driving and that he exclusively occupied at the time of the traffic stop. It is also apparent that the jury believed that, based upon Appellant's admitted prior familiarity with the drug, he knew what it was. We hold that any rational trier of fact could have found the essential elements of this offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638. Issue I, including all of its subparts, is overruled.

*C. Issue II—Prosecutor Misconduct by Alleged Improper Jury Argument*

In his brief, on page xxvii, Appellant presents Issue II as an attack on the State's jury argument. The issue contains ten parts or subparts. In the body of the brief, Appellant argues that Issue II relates to Appellant's claim that the trial court erred when it excluded the testimony of an expert witness, Thomas Swearingen. We will address Issue II as first laid out by Appellant—that the State presented improper jury argument. At the outset, we note that none of the jury-argument

complaints that Appellant presents in Issue II were made in the trial court. A review of the record in this case shows that neither of Appellant's attorneys made any objections at all during the State's jury argument. Furthermore, Appellant makes no argument in this court as to how the State's jury argument consisted of erroneous matters not subject to waiver. *See* TEX. R. APP. P. 33.1(a)(1); *Sanchez v. State*, 120 S.W.3d 359, 366–68 (Tex. Crim. App. 2003); *Limas v. State*, 941 S.W.2d 198, 203 (Tex. App.—Corpus Christi 1996, pet. ref'd).

In his argument, Appellant appears to jump to a discussion of whether harm resulted. However, before we conduct a harm analysis, we must have found error, and we do not. Appellant's Issue II, including all of its parts and subparts pertaining to claimed jury-argument error, is overruled.

### D. Issue III—Expert Disqualification

Finally, in Issue III, as set forth on page xxix of Appellant's brief (but stated as Issue II in the body of the brief), Appellant asks: "Whether the trial court abused its discretion when it excluded the defense expert, Thomas Swearingen?" He also asks in subpart (a): "Whether safe police procedures and cross examination of a police witness calls for a 'scientific' theory?" Appellant apparently wanted to call Swearingen to testify as an expert on "police procedure" and "police officer safety" to show that Sergeant Mitcham planted the drugs in Appellant's car. The State responds by arguing that the witness intended to testify that "he felt the officer's actions were suspicious" but "could offer no basis for this 'expert' opinion other than saying that he had made similar traffic stops in the past." The trial court found that the witness was not "qualified to basically render an opinion as to what the video or proposed video shows. That's the jury's responsibility."

We review a trial court's determination of a witness's qualifications as an expert and its judgment regarding the admission of any expert testimony for an abuse of discretion. *Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006).

6

A trial court's decision to admit or exclude testimony will not be disturbed absent a clear abuse of discretion. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). An appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Rule 702 of the Texas Rules of Evidence governs the admissibility of expert testimony under three criteria: qualification, reliability, and relevance. TEX. R. EVID. 702; *see also Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006); *Rodgers v. State*, 205 S.W.3d 525, 527 (Tex. Crim. App. 2006); *Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996). The trial court must be satisfied that three conditions are met before admitting expert testimony: (1) the witness's knowledge, skill, experience, training, or education must qualify him as an expert on a particular subject matter; (2) the subject matter that forms the basis of a witness's testimony must be based on a valid scientific theory and on a valid technique that has been properly applied on the occasion in question; and (3) the expert testimony will assist the factfinder in deciding the case. *Vela*, 209 S.W.3d at 131, 133.

Texas Rule of Evidence 705(c) governs the reliability of expert testimony and states that, "[i]f the court determines that the underlying facts or data do not provide a sufficient basis for the expert's opinion under Rule 702 or 703, the opinion is inadmissible." TEX. R. EVID. 705(c); *see also Vela*, 209 S.W.3d at 131–35. "The court in discharging its duty as gatekeeper must determine how the reliability of particular testimony is to be assessed." *Vela*, 209 S.W.3d at 134. "'[T]he relevant reliability concerns may focus upon personal knowledge or experience.'" *Id.* at 134 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). But the proponent must establish some foundation for the reliability

of an expert's opinion. *Id.* at 134. "'Without more than credentials and a subjective opinion, an expert's testimony that "it is so" is not admissible.'" *Id.* (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 424 (5th Cir. 1987)).

Here, the court held a *Daubert*[1] "gatekeeper" hearing outside the presence of the jury and heard testimony from Swearingen on his background, experience, and proposed opinions. Swearingen claimed that Sergeant Mitcham's act of reaching into Appellant's car, retrieving the baggie, and placing it into his shirt pocket was inappropriate police procedure. Swearingen testified that the subsequent act of retrieving the baggie to show to Appellant raised a "suspicion" in Swearingen's "opinion" that Sergeant Mitcham had not found the drugs but had "planted" them in the car. Swearingen did not, however, explain why these acts were suspicious or why they led to the conclusion that the drugs were planted. Without a showing of a sufficient basis for an expert opinion, the opinion is inadmissible.

Therefore, the trial court's decision not to allow Swearingen to testify was not outside the zone of reasonable disagreement. Accordingly, we cannot hold that the trial court abused its discretion when it excluded Swearingen's testimony. We overrule Appellant's Issue III, including its subpart.

### IV. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

August 30, 2013                                                          JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J. and Willson, J.

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

8