

# NUMBER 13-18-00297-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PARIS RICHARDSON,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Chew[1]**
**Memorandum Opinion by Justice Chew**

Appellant, Paris Richardson, was convicted by a jury of murder, a first-degree

felony, and sentenced to fifty years in prison. *See* TEX. PENAL CODE ANN. § 19.02. The

---

[1] Retired Eighth Court of Appeals Chief Justice David Wellington Chew, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

only issue before us is whether Mr. Richardson preserved his complaint about hypothesized improper jury argument by the State in the absence of any objection. We affirm.

## I. BACKGROUND

In February 2017, Mr. Richardson went to the apartment residence of seventeen-year old, Anthony Rodriguez to buy marihuana. The victim, seventeen-year old Timothy Echols, was inside the apartment with a number of other relatives and friends of Mr. Rodriguez. There was an argument that resulted in Mr. Richardson shooting Mr. Echols with a pistol and fleeing the apartment. Mr. Echols died from a gunshot wound through the heart. At trial, Mr. Richardson claimed self-defense.

The jury found him guilty and assessed punishment at fifty-years' confinement.

## II. DISCUSSION

In a portion of a rambling closing argument, a prosecutor said the following:

> You know, this—throughout this whole trial, obviously, you-all don't know, but I've been fighting this food poisoning. I've just been miserable over here. But regardless of how sick I was, you know, this is such an important case, and I got to tell you, you know, as a member of our community and as a father, I'm angry. I'm very angry. And maybe you-all can see it sometimes. Maybe you-all can see me get mad, and I hope I didn't offend anybody, but I am angry. I'm angry when a 17-year-old kid in our community is murdered, and they want to call him a stupid kid. I'm angry when we're talking about 17-year-old kids selling pot from their house. Kids selling pot. This is not uncommon. Kids dealing with somebody, not a 15-year-old but a 26-year-old man. A man who's already been to prison more than once, more than one felony. He's been to state jail. He's been to TDC. He's been through it all. He's been there. So he may be 26 years old, but he's got a lot more street experience than anybody. So I'm mad. I am mad. I'm mad that after all the evidence comes out, he gets to listen to all of it. He runs to Louisiana.[2]

---

[2] Mr. Richardson testified during direct-examination by his trial counsel about his previous convictions.

There was no objection made to this argument, but Mr. Richardson contends that the trial court should have *sua sponte* declared a mistrial or instructed the jury to disregard the remarks.

The Texas Court of Criminal Appeals has, however, unequivocally held that a trial judge has no duty to enforce forfeitable rights unless requested to do so and that even incurably improper jury argument is forfeitable. *See Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018); *Limas v. State*, 941 S.W.2d 198, 203 (Tex. App.—Corpus Christi–Edinburg 1997, pet. ref'd); *see also* TEX. R. APP. P. 33.1. Because defense counsel did not make any objection, there is no error presented here. *See* TEX. R. APP. P. 33.1. We overrule Mr. Richardson's single issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DAVID WELLINGTON CHEW,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2019.