COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TEKERA DILES, | § | No. 08-23-00118-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 9 |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 681620) |

### MEMORANDUM OPINION[1]

A jury found appellant, Tekera Diles, guilty of assault-bodily injury and the trial court assessed punishment at six months' confinement, probated for six months, plus a fine. In a single issue on appeal, appellant asserts the trial court erred by admitting testimony that an individual brandished a firearm during the altercation between appellant and the complainant. We conclude appellant did not preserve this issue for our review; therefore, we affirm.

## PROCEDURAL & FACTUAL BACKGROUND

After the jury was empaneled but before testimony began, the parties discussed appellant's motion in limine to exclude any reference to a handgun being brandished by a third person during

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

the altercation. The trial court denied the motion. During the State's opening arguments, the prosecutor informed the jury that an altercation occurred between several adults and, during the altercation, appellant's then-boyfriend Devon Brown "pull[ed] out a gun and he rack[ed] it. . . . The gun [was] pointed at [Cleveland Roberts'] lower body." During the guilt-innocence phase of trial several witnesses testified. However, because appellant does not challenge the sufficiency of the evidence in support of her conviction, we summarize the testimony of only the complainant about the incident and the events that led to the brandishing of the firearm.

The complainant, Vanesha Evans, met Cleveland Roberts in 2013 and they married in 2020. Roberts had two children from his previous relationship with appellant. Evans said she met appellant in 2015 and she described their relationship as "kind of volatile." On the evening of July 26, 2020, Evans and Roberts drove to appellant's apartment to pick up the two children who were staying with appellant. While Evans stayed in the car, Roberts went to appellant's apartment to retrieve the children. When Evans saw the children running towards her car, she heard Brown screaming at Roberts. Evans got out of the car to help the children into the car when appellant approached Evans and "sucker punched" her. At some point during the altercation, Brown "pulled a gun on" Roberts. Appellant stepped in and lowered Brown's hand to stop any shooting.

On appeal, appellant asserts the trial court erred by admitting testimony about the gun because it was neither relevant nor probative and was unfairly prejudicial and inflammatory. The State contends appellant waived this issue.

## DID APPELLANT PRESERVE HER ISSUE FOR REVIEW

Texas Rule of Appellate Procedure 33.1 requires a timely, specific objection and a ruling by the trial court to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). "To be timely, a complaint must be made as soon as the ground for complaint is apparent or should be apparent." *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). "To be sufficiently

specific, an objection need not employ hyper-technical or formalistic words or phrases." *Id.* Instead, "all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (en banc). "This gives the trial judge and the opposing party the opportunity to correct the error." *Montelongo*, 623 S.W.3d at 822.

### A. The Motion in Limine

During the hearing on appellant's motion in limine, defense counsel argued the State should be prohibited from mentioning the gun because the assault case against appellant did not involve use of a firearm. Counsel contended that having any testimony about the gun had no probative value to the case and was extremely prejudicial. Counsel asserted the jury would be confused by thinking "something else was going on and there was a gun," and any gun present was not in the possession or exhibited by appellant. The trial court denied the motion. "A motion in limine, whether granted or denied, preserves nothing for appellate review." *Griggs v. State*, 213 S.W.3d 923, 926 n.1 (Tex. Crim. App. 2007). Therefore, we next consider whether appellant raised a timely, specific objection during trial.

### B. The State's opening argument

The first mention of a gun was during the State's opening argument. Appellant did not object and, therefore, any objection to the first time the gun was mentioned was waived. *See Gearhart v. State*, 122 S.W.3d 459, 465 (Tex. App.—Corpus Christi-Edinburg 2003, pet. ref'd) ("Each side presented opening statements. Neither side objected to the other's. Gearhart thus waived any error in the prosecution's opening statement."); *Limas v. State*, 941 S.W.2d 198, 203

3

(Tex. App.—Corpus Christi-Edinburg 1996, pet. ref'd) (finding waiver for failure to object to prosecutor's closing argument).

### C. Testimony about the gun

The second mention of a gun was during Evans' testimony when she was asked what happened on the day of the assault and she stated as follows:

> And I'm looking at [appellant] thinking, Okay, there's no drama here, so I can talk about the situation, trying to ask what's going on, instead of like talk to me more. Like, I–the kids are there at that time, so I let the kids get in the car, putting them in the car. When I get the last one in the car–excuse me–by the time I get the last one in the car, I'm looking in the car and her oldest daughter is, like, looking me in my eye, telling me, like, Look behind you. And I look behind me and [appellant] sucker punches me, and I was really confused.

> Out of all this time she's been in front of me, been around me, always wanted to fight me, but now you're choosing to fight me while he's over there and *your boyfriend [Brown] pulled a gun on [Cleveland]* and the kids are watching all this. Like now you want to put your hands on me. [Emphasis added.]

Defense counsel neither objected to the mention of the gun nor requested the court instruct the jury to disregard.

Evans was then asked if the children witnessed the altercation:

Q. Where were the children while all of this was happening?

A. In my car.

Q. Were they able to witness these events?

A. Yes.

Q. What were they doing?

A. They were sitting there screaming, saying Stop, Stop.

Defense counsel: Objection. Relevance.

Court: What is your objection?

Defense counsel: Relevance.

4

Court: Overruled.

A.  They were screaming to stop. Stop, Stop, Stop. *Don't let them shoot my Dad.* Please help her. Please help her. Stop. [Emphasis added.]

Defense counsel neither objected to the mention of shooting the children's father nor requested the court instruct the jury to disregard the statement.

Evans was later asked about the children screaming inside the car:

Q.  You also testified a few minutes ago that the kids were able to witness this and that they were screaming and yelling from the car?

A.  Yes.

Q.  One of the things that was said was, *Please don't shoot Daddy.* [Emphasis added.]

A.  Yes.

Q.  Why did the child make that statement?

A.  Because [appellant's] boyfriend [Brown] *pulled a gun on my husband* in front of the kids.

Q.  *Was that gun pointed at anyone*?

A.   Yes. [Appellant] went over there and *put [Brown's] hand down to stop him from shooting at [Cleveland]* in front of the kids and me. [Emphasis added.]

Q.  *Who was the gun pointed at*? [Emphasis added.]

A.  At my husband, Cleveland Roberts.

During the above testimony, "shooting" or a gun was mentioned four times and defense counsel neither objected nor requested the court instruct the jury to disregard the statements. Only after all the above testimony did defense counsel object asserting the gun was not part of the case, had no probative value, and was extremely prejudicial. The trial court overruled the objection.

5

**D.   Analysis**

Appellant had several opportunities to object to any mention of the gun or "shooting" the children's father but did not do so. When an objection was finally raised, it came too late because questions about the gun or "shooting" already had been asked and answered without objection. Therefore, we must conclude appellant did not make "a timely, specific objection" "as soon as the ground for complaint [became] apparent." *See* TEX. R. APP. P. 33.1(a); *Montelongo*, 623 S.W.3d at 822. Accordingly, appellant waived her complaint on appeal.

## CONCLUSION

For the reasons stated above, we overrule appellant's sole issue on appeal and affirm the trial court's judgment.

SANDEE BRYAN MARION, Chief Justice (Ret.)

November 28, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

Do Not Publish

6