Philip Scott CACY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–95–223–CR.

Court of Appeals of Texas,
Waco.

April 2, 1997.

Stan Schwieger, Law Office of Stan Schwieger, Waco, for appellant.

Don W. Cantrell, District & County Attorney, Roy DeFriend, Asst. District & County Attorney, Groesbeck, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

**OPINION**

CUMMINGS, Justice.

A jury found the appellant, Philip Scott Cacy, guilty of sexually assaulting his wife, and the trial court assessed punishment àt ten years' incarceration, probated for ten years. *See* TEX.PENAL CODE ANN. § 22.011(a)(1)(B) (Vernon 1994). In four points of error, Cacy alleges that he was denied his federal and state constitutional rights to due process of law when the State impermissibly commented on his post-arrest silence during an improper closing argument and that the trial court erred in failing to

declare a mistrial after a witness for the State violated "the Rule." *See* TEX.R.CRIM. EVID. 613. We will affirm.

## FACTUAL BACKGROUND

Cacy was arrested on the morning of June 26, 1993, for the alleged sexual assault of his wife, Suzanne. Both Cacy and Suzanne testified that they argued the night before; however, their versions of the events occurring thereafter vary greatly. Cacy contends that, after the argument, his wife assaulted him with a gun. He maintains that he acted in self defense and that any injuries Suzanne sustained were the result of his defensive actions to gain control of the gun. According to Suzanne, after the argument, Cacy battered her with his fists and feet, leaving substantial, visible bruises. He then handcuffed her and forced her to perform oral sex on him.

## POINTS OF ERROR

Cacy's first three points of error relate to the following, *unobjected-to* comment made by the State during closing argument:

> ... [W]ell, you don't see some of our evidence.... You don't see a gun. The gun was never mentioned, folks....

> The officers rode up on the scene, and a person has been victimized, assaulted with a weapon, and *he doesn't tell [them] about it until the next day? He doesn't tell them about it while they're in the house, and he doesn't tell them about it on a 30–minute ride to the jail?*

(Emphasis added.)

■ In points of error 1 through 3, Cacy argues that, not only does the above comment exceed the judicially established boundaries of a permissible closing argument, *see*

Smith v. State, 898 S.W.2d 838, 845 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995),[1] but, by making the remark, the State impermissibly commented on his post-arrest silence in violation of both his federal and state constitutional due-process rights. *See* U.S. CONST. amend. V, XIV; TEX. CONST. art. 1, § 10.

■ We will not address the merits of Cacy's arguments because he has failed to preserve his complaints for our review. The Court of Criminal Appeals has recently held that "a defendant's failure to object to a jury argument ... forfeits his right to complain about the argument on appeal." *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).[2] This is true even when a defendant's constitutional guarantee to be free from self-incrimination via a comment on a defendant's post-arrest silence is implicated in the argument. *See Wheatfall v. State,* 882 S.W.2d 829, 836 (Tex.Crim.App.1994) (federal constitutional right to not have post-arrest silence commented upon may be waived by failure to object); *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App.1986) (state constitutional right to not have post-arrest silence commented upon may be waived by failure to object); *see also Ieppert v. State,* 908 S.W.2d 217, 219 (Tex.Crim.App.1995) (legal rights assured by due process may be forfeited if not insisted upon at trial).

Consequently, because Cacy failed to object to the State's comment during closing argument, he has waived his right to complain on appeal. *See* TEX.R.APP.P. 52(a). Points of error 1 through 3 are overruled.

In his fourth point, Cacy contends the trial court erred in failing to declare a mistrial after two of the State's witnesses conferred with each other regarding Cacy's arrest and

---

**1.** Closing arguments must be confined to the following four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to the argument of opposing counsel; and (4) a plea for law enforcement. *See Smith v. State,* 898 S.W.2d 838, 845 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995); *Villarreal v. State,* 860 S.W.2d 647, 648–49 (Tex.App.–Waco 1993, no pet.).

**2.** In *Cockrell v. State,* the court classified the right of a defendant to not be subjected to an improper jury argument as a "category-three right"—a right which the defendant forfeits by failing to insist upon it at trial. 933 S.W.2d 73, 89 (Tex.Crim.App.1995) (citing *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993) and *Campbell v. State,* 900 S.W.2d 763, 774–77 (Tex. App.–Waco 1995, no pet.) (Thomas, C.J., concurring)). For an explanation of the three types of rights in our justice system, see *Cockrell,* 933 S.W.2d at 94–95 (Maloney, J., concurring).

offense reports in violation of "the Rule" and article 36.05 of the Code of Criminal Procedure. *See* Tex.R.Crim.Evid. 613; Tex.Code Crim.Proc.Ann. art. 36.05 (Vernon 1981).[3]

The guilt-innocence phase of Cacy's trial concluded on May 10, 1995. However, after the jury began its deliberations, the trial court held a hearing on the alleged violation of "the Rule." At the hearing, evidence was adduced that, on May 9, 1995, while waiting to testify, Limestone County Sheriff's Department Jailer, Huey Curry, reviewed copies of Cacy's arrest and offense reports which were in the possession of another witness, Coolidge Chief of Police, Willard Buzzard. Cacy argues that the trial court should have declared a mistrial, *sua sponte*, upon discovering that "the Rule" had been violated.

■ We need not address the merits of Cacy's argument. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make, and obtain a ruling on the record. Tex.R.App.P. 52(a). Neither a request for a mistrial based on the alleged violation of "the Rule" nor a ruling on any motion for mistrial appears in the record. *See* Tex.R.App.P. 50(d). Consequently, Cacy has failed to preserve his complaint for our review. *Id.* 52(a). Cacy's fourth point of error is overruled.

The judgment is affirmed.

---

**3.** Rule 613 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a defendant which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause, or (4) the victim, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial.
Tex.R.Crim.Evid. 613.

Article 36.05 provides:

Witnesses under rule shall be attended by an officer, and all their reasonable wants provided for, unless the court, in its discretion, directs that they be allowed to go at large; but in no case where the witnesses are under rule shall they be allowed to hear any testimony in the case.
Tex.Code Crim.Proc.Ann. art. 36.05 (Vernon 1981).