Michael Wayne Hughes v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-271-CR

     MICHAEL WAYNE HUGHES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 23475CR
                                                                                                                

O P I N I O N
                                                                                                                

      Michael Wayne Hughes was charged with and convicted of three counts of aggravated
robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 1994). Counsel filed an Anders brief and
motion to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). Subsequent counsel filed a brief on the merits, asserting three issues for review.


 The
motion to withdraw was granted. We now consider the merits of Hughes’ appeal.
FACTS
      At 2:30 a.m. on February 2, 1998, Gregory Robinson was sleeping on a couch when the front
door to the house flew open and a man wearing a ski mask and carrying a shotgun told him to lie
down. A second man then entered the room (he was not wearing a mask), held a knife to
Robinson’s throat, and threatened to kill him if he moved. The man with the shotgun went into
one of the bedrooms of the house and demanded money and jewelry from Elizabeth Becks and
Leonard Gillum who were sleeping in the bedroom. He threatened to kill them both if they did
not cooperate. Each victim testified that they were in fear of imminent bodily injury and death. 
Robinson identified Hughes as the man with the knife. A 9-1-1 call was made, and Officer Ronald
Turbeville stopped Hughes and his accomplice a few minutes after the robbery. Most of the
victims’ property was recovered and a knife was found in the car.
PLEA TO ENHANCEMENTS
      In his first issue, Hughes asserts that “the judgment and sentence assessed against the
appellant should be set aside because the appellant’s plea of true to the enhancement allegations
was not made in open court by the appellant in person.”
      At the punishment stage of trial, the State read the two enhancement paragraphs of the
indictment. The court asked, “Mr. Hughes and Mr. Winborne, how does defendant plead to the
enhancement paragraphs of the indictment, true or not true?” Hughes’ attorney responded, “The
defendant pleads true, your Honor.” The court then asked Hughes if he understood his
“attorney’s announcement stating that you are the same person previously convicted as alleged in
the indictment and that you’re pleading true; is that correct?” and Hughes said “Yes, sir.”
      Hughes complains on appeal that a felony plea “must be made in open court by the defendant
in person.” See Tex. Code Crim. Proc. Ann. art. 27.13 (Vernon 1989). The Court of Criminal
Appeals has answered this question squarely against him. Tindel v. State, 830 S.W.2d 135, 136-37 (Tex. Crim. App. 1992) (“we hold that the personal plea requirement in Art. 27.13, supra,
does not apply to pleas of ‘true’ to enhancement paragraphs.”). The record is sufficient to show
that Hughes entered a plea of “true.” Issue one is overruled.
CLOSING ARGUMENTS
      Hughes’ second issue asserts that the prosecutor made improper arguments striking at him
over the shoulder of his counsel by stating that he was offering only “smoke and mirrors.” No
objection was made. 
      In Cockrell v. State, the Court of Criminal Appeals stopped appellate complaints of
"incurable" jury argument, holding that a criminal defendant's failure to object to an improper jury
argument or failure to pursue such an objection to an adverse ruling forfeits the defendant's right
to complain about alleged improper argument on appeal. 933 S.W.2d 73, 89 (Tex. Crim. App.
1996). We expounded on the Court's holding, stating that even errors of constitutional dimension
which occur during argument and which are not objected to are waived by a defendant's failure
to object. Cacy v. State, 942 S.W.2d 783, 784 (Tex. App.-Waco 1997, pet. ref'd). Thus, Hughes
has preserved nothing for review. Issue two is overruled.



INEFFECTIVE ASSISTANCE OF COUNSEL
      Hughes’ third issue alleges that counsel was ineffective in failing to “(a) familiarize himself
with the appellant’s background and (b) drug problem, (c) interview witnesses, and (d) present a
viable defense at the guilty-not guilty and punishment stages of the trial.” He failed to raise this
claim in a motion for new trial or to bring it to the trial court’s attention in any manner. Claims
of ineffective assistance of counsel not presented to the trial court are not preserved for our
review. Gonzalez v. State, No. 98-268-CR, slip op. at 8, n.3 (Tex. App.—Waco June 9, 1999,
no pet.). Thus, issue three is overruled.
      Having overruled all the issues presented, we affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 11, 1999
Do not publish