COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAFAEL VALLES MEDINA, | § | |
| | | No. 08-06-00293-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 143rd District Court |
| THE STATE OF TEXAS, | § | |
| | | of Reeves County, Texas |
| Appellee. | § | |
| | | (TC# 06-05-07109-CRR) |
| | § | |

**O P I N I O N**

This is an appeal from a jury conviction for the offense of possession of heroin in an amount of four grams or more but less than two hundred grams. The jury assessed punishment at eight years' imprisonment. Appellant asks us to remand for a new punishment hearing. We affirm.

**I.  SUMMARY OF THE EVIDENCE**

The evidence at trial revealed that, in the afternoon of Thanksgiving Day, November 24, 2005, Appellant was found asleep at the wheel of his vehicle in Pecos. The vehicle was stopped in the street adjacent to an apartment complex. A needle and syringe were hanging from his arm. Upon arrival, the police observed Appellant slumped over in the driver's seat of his vehicle. Appellant awoke and exited his truck. As he did so, a clear plastic baggie fell onto the floorboard. Another syringe and the bottom of a Coke can were observed in the driver's seat. In total, the police found three additional syringes on Appellant's person and another half of a Coke can. The parties stipulated that the residue in the half of a Coke can and the amount of substance in the plastic baggie contained 0.03 grams and 4.77 grams, respectively, of heroin.

During the punishment stage of trial, the State introduced exhibits 21 through 25 without objection from Appellant. These exhibits demonstrated that Appellant had prior convictions for the state jail offense of possession of a controlled substance and for three prior misdemeanor offenses. During the punishment hearing, Police Lt. Paul Deishler testified that Appellant's reputation in the community was bad. Appellant's wife testified on his behalf. She stated that Appellant was a hard worker and that he provided for three grandchildren who lived with the couple.

During the initial closing argument, the prosecutor stated that he would not ask for the maximum twenty-year sentence, and he stated that Appellant did not possess a "mean streak." In fact, Appellant had respectfully shaken the prosecutor's hand the prior day. During the closing portion of the State's argument, the prosecutor stated, without objection:

> You know, not all of our criminals have a mean streak, but they are still a danger to society in their own way, and that's why we're here today.
>
> If you say two years, I won't look back; I'll be happy to greet you and I'll tell you you did a good job because I know you only heard a certain amount of the facts, but when you look at the punishment that he should have, the restitution, and the deterrent to society, and most importantly out of all this [this is what is important; this is the last thing I wrote down; the last thing I'm going to say] – "protection of society."

After the jury retired to deliberate, Appellant moved for a mistrial, complaining of the prosecutor's statement to the effect that the jury had not heard everything.

This same contention was raised in Appellant's motion for new trial and at the hearing on the motion for new trial.

## II. DISCUSSION

In Appellant's sole issue on appeal, he asserts that the court erred when it refused to declare a mistrial for the State's improper jury argument that "I know you only heard a certain amount of the

2

facts." Before we consider whether the State's argument was, in fact, improper, we must address the question of whether Appellant has preserved error on appeal.

In general, to preserve jury argument error, a contemporaneous objection must be made and an adverse ruling obtained. TEX. R. APP. P. 33.1(a) (to preserve error for review, party must object and trial court must explicitly or implicitly make an adverse ruling or refuse to rule on that objection); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). If the trial court sustains the objection, the defendant must then request an instruction to disregard the argument and, if granted, move for a mistrial. *Cooks*, 844 S.W.2d at 727-28. When a defendant fails to object to a jury argument or fails to pursue an objection to a jury argument to an adverse ruling, he forfeits his right to complain about the jury argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997).

Appellant maintains that his motion for mistrial preserved the error of the improper jury argument. Furthermore, he claims that the error was of constitutional dimension, so that it should be the subject of a constitutional harm analysis under TEX. R. APP. P. 44.2(a). Therefore, he argues, a motion for mistrial sufficiently preserves error, where the prejudice arising from the improper argument is incurable.

Appellant cites *Thompson v. State*, 89 S.W.3d 843, 851 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd), in support of his contention that he has preserved error. In *Thompson,* the prosecutor stated during closing argument:

> "Ladies and gentlemen, there's something important that I cannot tell you about concerning why you should not give [appellant] anything less than ten years. There's a very important reason but legally I'm not allowed to tell you what it is but it is very important. Trust me on this. If you give [appellant] less than ten years, you will find out later what's going to happen."

3

*Id.* at 850.

Thompson objected to the argument and requested a mistrial, but he failed to request an instruction to disregard. *Id.* at 851. The court acknowledged that merely requesting a mistrial will not preserve error in most cases. However, citing *McGinn v. State*, 961 S.W.2d 161 (Tex. Crim. App.), *cert. denied*, 525 U.S. 967 (1998), and *Cockrell*, 933 S.W.2d at 89, the court stated that, if the prejudice arising from the improper argument is incurable, a mistrial is appropriate and a request for a mistrial will preserve error on appeal. *Thompson*, 89 S.W.3d at 851.

We note, however, that, in *Thompson*, a contemporaneous objection was made to the offending argument. *Id.* Furthermore, a defendant's "right" not to be subjected to incurable erroneous jury argument is one of those rights that is forfeited by a failure to insist upon it. *Cockrell*, 933 S.W.2d at 89; *see Sanchez v. State*, 120 S.W.3d 359, 366-67 (Tex. Crim. App. 2003). An appellant's failure to object to the jury argument forfeits his right to complain about the argument on appeal. *Cockrell*, 933 S.W.2d at 89; *Limas v. State*, 941 S.W.2d 198, 203 (Tex. App.--Corpus Christi 1996, pet. ref'd). In *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004), the Court of Criminal Appeals reaffirmed that the holding in *Cockrell* remains the law, notwithstanding the claim that the offending argument was "manifestly improper." *Id.*

Appellant attempts to distinguish *Threadgill* by stating that the harmful error review in that case was conducted on a non-constitutional analysis, under a TEX. R. APP. P. 44.2(b) harm analysis. We note that this analysis was conducted on an error that actually had been preserved. *Threadgill*, 146 S.W.3d at 666. Also, the *Cockrell* holding applies even where the improper argument allegedly violates certain constitutional rights. *See Calderon v. State*, 950 S.W.2d 121, 137 (Tex. App.--El Paso 1997, no pet.) (objection required where prosecutor commented on defendant's failure to

4

testify); *Cacy v. State*, 942 S.W.2d 783, 784 (Tex. App.--Waco 1997, pet. ref'd) (refusing to address merits of unobjected to jury argument which commented on defendant's failure to testify). Furthermore, under *Cockrell*, a harm analysis is appropriate only where error has been properly preserved. *See Bias v. State*, 937 S.W.2d 141, 144 (Tex. App.--Houston [1st Dist.] 1997, no pet.) (where no objection is made, "nothing is presented for review, even if the argument is so prejudicial that any harm caused could not have been cured by instruction to disregard").

We find that Appellant has failed to preserve his contention on appeal. Appellant's sole issue is overruled. We therefore find it unnecessary to consider whether the prosecutor's argument was, in fact, improper.

### III. CONCLUSION

We affirm the judgment of the trial court.


KENNETH R. CARR, Justice

March 27, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)