COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RAFAEL VALLES MEDINA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00293-CR



Appeal from the


143rd District Court


of Reeves County, Texas


(TC# 06-05-07109-CRR)



O P I N I O N


 This is an appeal from a jury conviction for the offense of possession of heroin in an amount
of four grams or more but less than two hundred grams. The jury assessed punishment at eight
years' imprisonment. Appellant asks us to remand for a new punishment hearing. We affirm.

I. SUMMARY OF THE EVIDENCE


 The evidence at trial revealed that, in the afternoon of Thanksgiving Day, November 24,
2005, Appellant was found asleep at the wheel of his vehicle in Pecos. The vehicle was stopped in
the street adjacent to an apartment complex. A needle and syringe were hanging from his arm. 
Upon arrival, the police observed Appellant slumped over in the driver's seat of his vehicle. 
Appellant awoke and exited his truck. As he did so, a clear plastic baggie fell onto the floorboard. 
Another syringe and the bottom of a Coke can were observed in the driver's seat. In total, the police
found three additional syringes on Appellant's person and another half of a Coke can. The parties
stipulated that the residue in the half of a Coke can and the amount of substance in the plastic baggie
contained 0.03 grams and 4.77 grams, respectively, of heroin.

 During the punishment stage of trial, the State introduced exhibits 21 through 25 without
objection from Appellant. These exhibits demonstrated that Appellant had prior convictions for the
state jail offense of possession of a controlled substance and for three prior misdemeanor offenses. 
During the punishment hearing, Police Lt. Paul Deishler testified that Appellant's reputation in the
community was bad. Appellant's wife testified on his behalf. She stated that Appellant was a hard
worker and that he provided for three grandchildren who lived with the couple.

 During the initial closing argument, the prosecutor stated that he would not ask for the
maximum twenty-year sentence, and he stated that Appellant did not possess a "mean streak." In
fact, Appellant had respectfully shaken the prosecutor's hand the prior day. During the closing
portion of the State's argument, the prosecutor stated, without objection:

 You know, not all of our criminals have a mean streak, but they are still a
danger to society in their own way, and that's why we're here today.


 If you say two years, I won't look back; I'll be happy to greet you and I'll tell
you you did a good job because I know you only heard a certain amount of the facts,
but when you look at the punishment that he should have, the restitution, and the
deterrent to society, and most importantly out of all this [this is what is important;
this is the last thing I wrote down; the last thing I'm going to say] - "protection of
society."


 After the jury retired to deliberate, Appellant moved for a mistrial, complaining of the
prosecutor's statement to the effect that the jury had not heard everything.

 This same contention was raised in Appellant's motion for new trial and at the hearing on
the motion for new trial.

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred when it refused to declare
a mistrial for the State's improper jury argument that "I know you only heard a certain amount of the
facts." Before we consider whether the State's argument was, in fact, improper, we must address
the question of whether Appellant has preserved error on appeal.

 In general, to preserve jury argument error, a contemporaneous objection must be made and
an adverse ruling obtained. Tex. R. App. P. 33.1(a) (to preserve error for review, party must object
and trial court must explicitly or implicitly make an adverse ruling or refuse to rule on that
objection); Cooks v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). If the trial court sustains
the objection, the defendant must then request an instruction to disregard the argument and, if
granted, move for a mistrial. Cooks, 844 S.W.2d at 727-28. When a defendant fails to object to a
jury argument or fails to pursue an objection to a jury argument to an adverse ruling, he forfeits his
right to complain about the jury argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997).

 Appellant maintains that his motion for mistrial preserved the error of the improper jury
argument. Furthermore, he claims that the error was of constitutional dimension, so that it should
be the subject of a constitutional harm analysis under Tex. R. App. P. 44.2(a). Therefore, he argues,
a motion for mistrial sufficiently preserves error, where the prejudice arising from the improper
argument is incurable.

 Appellant cites Thompson v. State, 89 S.W.3d 843, 851 (Tex. App.--Houston [1st Dist.]
2002, pet. ref'd), in support of his contention that he has preserved error. In Thompson, the
prosecutor stated during closing argument:

 "Ladies and gentlemen, there's something important that I cannot tell you about
concerning why you should not give [appellant] anything less than ten years. There's
a very important reason but legally I'm not allowed to tell you what it is but it is very
important. Trust me on this. If you give [appellant] less than ten years, you will find
out later what's going to happen."


Id. at 850.


 Thompson objected to the argument and requested a mistrial, but he failed to request an
instruction to disregard. Id. at 851. The court acknowledged that merely requesting a mistrial will
not preserve error in most cases. However, citing McGinn v. State, 961 S.W.2d 161 (Tex. Crim.
App.), cert. denied, 525 U.S. 967 (1998), and Cockrell, 933 S.W.2d at 89, the court stated that, if
the prejudice arising from the improper argument is incurable, a mistrial is appropriate and a request
for a mistrial will preserve error on appeal. Thompson, 89 S.W.3d at 851.

 We note, however, that, in Thompson, a contemporaneous objection was made to the
offending argument. Id. Furthermore, a defendant's "right" not to be subjected to incurable
erroneous jury argument is one of those rights that is forfeited by a failure to insist upon it. Cockrell,
933 S.W.2d at 89; see Sanchez v. State, 120 S.W.3d 359, 366-67 (Tex. Crim. App. 2003). An
appellant's failure to object to the jury argument forfeits his right to complain about the argument
on appeal. Cockrell, 933 S.W.2d at 89; Limas v. State, 941 S.W.2d 198, 203 (Tex. App.--Corpus
Christi 1996, pet. ref'd). In Threadgill v. State, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004), the
Court of Criminal Appeals reaffirmed that the holding in Cockrell remains the law, notwithstanding
the claim that the offending argument was "manifestly improper." Id.

 Appellant attempts to distinguish Threadgill by stating that the harmful error review in that
case was conducted on a non-constitutional analysis, under a Tex. R. App. P. 44.2(b) harm analysis. 
We note that this analysis was conducted on an error that actually had been preserved. Threadgill,
146 S.W.3d at 666. Also, the Cockrell holding applies even where the improper argument allegedly
violates certain constitutional rights. See Calderon v. State, 950 S.W.2d 121, 137 (Tex. App.--El
Paso 1997, no pet.) (objection required where prosecutor commented on defendant's failure to
testify); Cacy v. State, 942 S.W.2d 783, 784 (Tex. App.--Waco 1997, pet. ref'd) (refusing to address
merits of unobjected to jury argument which commented on defendant's failure to testify). 
Furthermore, under Cockrell, a harm analysis is appropriate only where error has been properly
preserved. See Bias v. State, 937 S.W.2d 141, 144 (Tex. App.--Houston [1st Dist.] 1997, no pet.)
(where no objection is made, "nothing is presented for review, even if the argument is so prejudicial
that any harm caused could not have been cured by instruction to disregard").

 We find that Appellant has failed to preserve his contention on appeal. Appellant's sole issue
is overruled. We therefore find it unnecessary to consider whether the prosecutor's argument was,
in fact, improper.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


March 27, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)