In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00011-CR


 _____________________



BRIAN WAYNE DRAKE, Appellant



V.



THE STATE OF TEXAS, Appellee







On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 18346






MEMORANDUM OPINION



 A jury convicted appellant Brian Wayne Drake of first-degree felony murder and
assessed his punishment at sixty years in prison. Appellant presents eight issues for review. 
Finding no reversible error, we affirm the trial court's judgment.

 Appellant and his brother, David, were involved in an altercation with their former
stepfather, Willard French, at Willard's home in Hardin County, Texas. Sandy French,
appellant's mother, witnessed Willard hit David, throw furniture at appellant, and then
continue to struggle with David. Sandy called 9-1-1. She saw appellant standing over
Willard. Appellant stabbed and cut Willard with a knife. Willard died as a result of the
incident.

 The following day, Chambers County law enforcement received information that
appellant was living in Winnie. A deputy located appellant and the deputy and an
investigator with the Chamber's County Sheriff's Department attempted to approach him. 
Appellant got in his truck and a chase ensued. Law enforcement officials stopped appellant
and arrested him.

 In his first issue, appellant asserts that the State's jury argument was a comment on
the failure of appellant to testify. However, appellant did not object to the argument. See
Tex. R. App. P. 33.1; Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("Before
a defendant will be permitted to complain on appeal about an erroneous jury argument. . . ,
he will have to show he objected and pursued his objection to an adverse ruling."); Cacy v.
State, 942 S.W.2d 783, 784 (Tex. App.--Waco 1997, pet. ref'd) (refusing to address merits
of unobjected to jury argument where defendant argued his constitutional rights were
violated as a result of prosecutor's improper jury argument). We overrule issue one.

 In issue two, appellant asserts the trial court erred in allowing the State, over
appellant's objection, to introduce appellant's general reputation as character evidence when
appellant had not placed his reputation at issue. By his third issue, appellant maintains the
trial court should have granted appellant's motion for mistrial after the State presented this
evidence.

 Generally, "[e]vidence of a person's character or character trait is not admissible for
the purpose of proving action in conformity therewith on a particular occasion[.]" Tex. R.
Evid. 404(a). Rule 404(a) of the Texas Rules of Evidence provides limited exceptions to this
general rule. Id. Rule 404(a)(1)(a) states that in a criminal case, "[e]vidence of a pertinent
character trait" of the defendant may be offered by the defendant, or by the prosecution "to
rebut the same[.]" Id. 404(a)(1)(a). 

 Appellant complains of the following testimony by a Chamber's County Sheriff's
Department deputy: 

 [State:] Okay. Did you -- what did you do next?

 [Witness:] At that point whenever I was in the What-A-Burger
parking lot, I observed a truck matching the same
description that Deputy Rosetta told me about and I also
observed a white male matching the same description,
wearing coveralls, matching the same description Deputy
Rosetta told me.

 At that point I was told -- prior to this I was told by
Deputy Rosetta that the suspect may have a scanner, so,
not -- if I do see him, don't put it across the radio. So, at
that point I picked up my cell phone and I called
Investigator Rabalais. I was also told not to approach the
suspect, you know, by myself because he possibly could
be armed, did not know. I was also told that information
was he had violent tendencies.

 

 [Defense Counsel]: Your Honor, I'm going to object. That is hearsay. We're
not --


 THE COURT: Sustained.

 [Defense Counsel]: And, Your Honor, I'd ask that be stricken from the
testimony.


 THE COURT: That's sustained.

 [Defense Counsel]: I would ask the jury be asked to disregard that.

 THE COURT: Ladies and gentleman, disregard the comments of the
deputy.


 [Defense Counsel]: And I would ask that a motion for mistrial be heard.

 THE COURT: Be denied.

The trial court sustained appellant's hearsay objection, struck the testimony, and instructed
the jury to disregard the evidence. The trial court did not allow the testimony into evidence. 
Furthermore, although defense counsel objected to the hearsay nature of the testimony, the
record contains no contemporaneous objection on the ground that the testimony constituted
impermissible character evidence under Texas Rule of Evidence 404(a). See Tex. R. Evid. 
404(a); Tex. R. App. P. 33.1. "'An objection stating one legal theory may not be used to
support a different legal theory on appeal.'" Broxton v. State, 909 S.W.2d 912, 918 (Tex.
Crim. App. 1995) (quoting Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)). 
Appellant failed to preserve any error on the ground he now argues on appeal. See Tex. R.
App. P. 33.1.

 The second instance appellant complains of occurred during the testimony of a Hardin
County Sheriff's deputy. Anticipating that the State intended to question the deputy on
appellant's reputation in the community, appellant questioned the witness on voir dire and
the deputy stated his opinion of appellant was not based on personal knowledge. Appellant
objected to the admission of the evidence based on hearsay and the trial court overruled that
objection. The deputy then testified in the jury's presence that appellant's reputation in the
community was that he was "a fighter" and "a brawler[.]"

 Appellant did not object to the testimony on the ground he now asserts on appeal, and
therefore failed to preserve the complaint. See Tex. R. App. P. 33.1; see also Broxton, 909
S.W.2d at 918. Moreover, the jury heard Willard's daughter testify, without objection, that
appellant had previously attacked Willard more than ten times. On this record, the admission
of the deputy's testimony does not require reversal of the judgment. See Tex. R. App. P.
44.2. Issues two and three are overruled.

 Appellant argues in his fourth issue that the jury charge was so misleading that it
caused him egregious harm as a matter of law. He maintains that although he received an
instruction concerning his theory of self-defense, the application paragraph of the jury charge
failed to apply it to the facts here. He argues that the jury charge not only allowed the jury
to convict him even if they believed he acted in self-defense, but also did not require the
State to disprove self-defense beyond a reasonable doubt before allowing the jury to convict
him.

 When reviewing a challenge to the jury charge, we first determine whether error exists
in the charge. Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). This requires our
examination of the charge as a whole. Plata v. State, 926 S.W.2d 300, 302 (Tex. Crim. App.
1996), overruled on other grounds by Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim.
App. 1997). If an appellate court determines error exists and the charge is inadequate, the
court then determines whether any resulting harm necessitates reversal. Ngo, 175 S.W.3d
at 743. 

 Section 2.03(d) of the Texas Penal Code requires the trial court to instruct the jury it
must acquit the defendant if it has reasonable doubt on the existence of a defensive issue. 
Tex. Pen. Code Ann. § 2.03(d) (Vernon 2003). The jury charge submitted to the jury
provided the law on self-defense as well as defense of third parties, and then included
application paragraphs on the defensive issues. 


 The trial court instructed the jury in its charge with an application paragraph on the
elements of the offense of murder. Although the application paragraph on the elements of
murder made no mention of self-defense, the charge included a separate application
paragraph on the defensive issues. The combination of the application paragraphs are
logically consistent. See Plata, 926 S.W.2d at 304; see also Wingo v. State, 143 S.W.3d 178,
190 (Tex. App.--San Antonio 2004), aff'd, 189 S.W.3d 270 (Tex. Crim. App. 2006) ("We
do not believe the trial court's arrangement of the jury charge was illogical or that placing
the defensive instructions after the application paragraph was the only logical
arrangement."); Peterson v. State, No. 05-99-01054-CR, 2001 Tex. App. LEXIS 4736, at
**11-12 (Tex. App.--Dallas July 12, 2001, no pet.) (not designated for publication) (rejecting
contention that "the trial court was required to include the elements of the offense and the
elements of any defensive issues into one application paragraph"). Issue four is overruled.

 In his fifth issue, appellant contends he was denied the right to be indicted by grand
jury because the trial court allowed the State to amend the indictment to include alternate
means of committing the offense. After a hearing months before trial, the trial court granted
the State's motion to amend the indictment. The State filed the amended indictment as an
attachment to the motion.

 The indictment should include everything which is "necessary to be proved." Tex.
Code Crim. Proc. Ann. art. 21.03 (Vernon 2009). "The certainty required in an indictment
is such as will enable the accused to plead the judgment that may be given upon it in bar of
any prosecution for the same offense." Id. art. 21.04 (Vernon 2009). "After notice to the
defendant, a matter of form or substance in an indictment or information may be amended
at any time before the date the trial on the merits commences." Id. art. 28.10(a) (Vernon
2006). Upon the defendant's request the court must allow the defendant not less than ten
days, or a shorter period if requested by the defendant, to respond to the amendment. Id. 
"An indictment or information may not be amended over the defendant's objection as to form
or substance if the amended indictment or information charges the defendant with an
additional or different offense or if the substantial rights of the defendant are prejudiced." 
Id. art. 28.10(c) (Vernon 2006). A defendant who fails to object to a defect of form or
substance in an indictment before trial begins loses the right to later complain about the
defect on appeal. Id. art. 1.14(b) (Vernon 2005); Kirkpatrick v. State, 279 S.W.3d 324, 327
(Tex. Crim. App. 2009). In this case, appellant did not object to the amendment. See Tex.
Code Crim. Proc. Ann. arts. 1.14(b), 28.10; Kirkpatrick, 279 S.W.3d at 327-28. Issue five
is overruled. 

 In issues six and seven, appellant challenges the trial court's rulings excluding and
limiting testimony regarding Willard's reputation as a dangerous and violent person. 
Specifically, appellant argues that the trial court erred in excluding portions of Sandy's
testimony concerning specific events of violence by Willard against her. Prior to trial, the
State filed a motion in limine and requested that the court restrict appellant from eliciting
testimony or evidence at trial regarding violence between Sandy and Willard. The trial court
granted that portion of the motion and asked that at trial the parties approach the bench if
they wanted to discuss anything about the violence as to Sandy, and the trial court would then
make a ruling.

 The State objected when appellant attempted to introduce evidence of violence by
Willard against Sandy at trial. The State objected on the basis of relevance and on the basis
that under Rule 403 this evidence would be unfairly prejudicial. See Tex. R. Evid. 403.
Appellant argued that this evidence was relevant to show his state of mind during the
altercation and that he justifiably acted in self-defense. The trial court sustained the State's
objection and excluded the testimony. 

 A victim's extraneous acts of violence may be relevant to show the defendant's state
of mind. Tex. R. Evid. 404(b); Tate v. State, 981 S.W.2d 189, 193 (Tex. Crim. App. 1998). 
Texas Rule of Evidence 403 states, however, that "[a]lthough relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence." Tex. R. Evid. 403. Therefore, "while
evidence may be admissible under Rule 404 the trial court may nevertheless exclude the same
evidence if it determines, within its discretion, that the probative value of such evidence is
substantially outweighed by its unfair prejudice." Mozon v. State, 991 S.W.2d 841, 846 (Tex.
Crim. App. 1999). 

 There was no evidence that at the time of the altercation appellant and his brother
were defending their mother against a violent act by Willard. The trial court allowed
evidence of previous specific acts of violence between Willard and appellant and Willard and
David, but not evidence of specific acts of violence between Willard and Sandy. As to
Sandy's testimony of specific acts of violence by Willard against her, the State made a Rule
403 objection. See Tex. R. Evid. 403. Under the circumstances presented, considering the
other evidence of Willard's violence admitted by the court, the trial court did not err in
excluding the specific evidence. See Mozon, 991 S.W.2d at 846. Issues six and seven are
overruled.

 Appellant maintains in his eighth issue that the trial court erred in allowing the State
to introduce evidence of extraneous offenses over his objection. Prior to trial, the State
provided appellant notice of its intent to introduce certain extraneous offenses at trial. See
Tex. R. Evid. 404(b). The State introduced testimony at trial that appellant encountered law
enforcement in another county the day after the charged offense; after appellant evaded law
enforcement, a police chase ensued. Appellant objected to the testimony on the grounds that
he was not given notice that the State would attempt to introduce this evidence and that it was
not related to the charged offense. The State acknowledged that the evidence was not
included in its notice of intent to introduce extraneous offenses that it provided to appellant,
but argued at trial that the evidence was contextual to the charged offense and relevant. The
trial court overruled appellant's objection.

 We review a ruling admitting evidence for abuse of discretion and must uphold the
trial court's admissibility ruling if it falls "within the zone of reasonable disagreement." 
Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We must reverse the trial
court's ruling admitting the evidence if the ruling "is so clearly wrong as to lie outside that
zone within which reasonable persons might disagree." McDonald v. State, 179 S.W.3d 571,
576 (Tex. Crim. App. 2005). 

 Pursuant to Texas Rule of Evidence 404(b), evidence of "other crimes, wrongs or
acts" is inadmissible "to prove the character of a person in order to show action in
conformity" with that character. Tex. R. Evid. 404(b). However, evidence of other crimes,
wrongs, or acts may be admissible to prove "motive, opportunity , intent, preparation, plan,
knowledge, identity, or absence of mistake or accident" if the State, upon timely request by
the accused in a criminal case, provides the accused with notice of the State's intent to use
such evidence. See id. The notice requirement does not apply when the evidence arises from
the same transaction. McDonald, 179 S.W.3d at 577. "[S]ame transaction contextual
evidence is admissible 'only to the extent that it is necessary to the jury's understanding of
the offense.'" Id. (quoting England v. State, 887 S.W.2d 902, 915 (Tex. Crim. App. 1994)). 
 Evidence of flight or escape may be admissible evidence from which an inference of
guilt may be drawn as long as it appears that the flight or escape has some legal relevance
to the offense under prosecution. Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App.
1989). Flight is no less relevant if it is to avoid arrest. Id. "[A] lapse of time between
commission of the offense and the defendant's flight does not always adversely affect
admissibility of the flight." Id. As long as any extraneous offenses committed while in flight
are shown to be necessarily related to the circumstances of the defendant's flight, they may
be admissible. Id. Moreover, circumstances surrounding an arrest are generally admissible
unless that evidence is "'inherently prejudicial and has no relevance to any issue in the
case[.]'" Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985) (quoting Hernandez
v. State, 484 S.W.2d 754, 755 (Tex. Crim. App. 1972); see also Tex. Code Crim. Proc.
Ann. art 38.36(a) (Vernon 2005). 

 Appellant had been identified as the person who used the knife in the altercation with
Willard and his flight when confronted by the police was relevant to the issue of whether or
not he committed the crime. See Burks v. State, 876 S.W.2d 877, 903-904 (Tex. Crim. App.
1994). The relevancy requirement was satisfied. Nothing suggests that his flight to avoid
arrest was related to circumstances other than the charged offense. Id. The trial court did
not err in admitting the evidence. We overrule appellant's eighth issue. 

 The trial court's judgment is affirmed.

 AFFIRMED.

 

 DAVID GAULTNEY

 Justice 


Submitted on September 21, 2009 

Opinion Delivered October 14, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.